HARDY, Judge.
This is an action by plaintiff on a policy of insurance seeking .recovery for the loss by fire of an automobile trailer and its contents, together with statutory penal *536 ties and attorney’s fees. From a judgment in favor of plaintiff in the principal sum of $2,800, the defendant insurer prosecutes this appeal. Plaintiff has answered the appeal, seeking the amendment of the judgment to the extent of the allowance of penalties and attorney’s fees.
Under a policy issued May 19, 1959, and effective for a period of twelve months beginning May 20, 1959, the defendant, Southern Insurance Company, insured an Alma Trailer House owned by plaintiff against certain risks designated in the policy, including loss by fire, to the extent of a value of $4,000 on said trailer and $2,000 on the personal effects contained therein. The policy was sold to plaintiff and issued by the Tri-State General Agency, Inc. of Bossier City, Louisiana, through an authorized representative of said agency. On June 8, 1959 the insured house trailer, while parked by the side of a highway in Red River Parish, was completely destroyed by fire, together with all personal effects, furniture and fixtures contained therein, the origin of which fire was allegedly unknown to plaintiff. The record contains several communications with relation to plaintiff’s claim for payment of the fire loss, which may be chronologically set forth as follows :
1. Letter dated June 16, 1959, to the Teekle-Mulkey Insurance Agency in Bossier City from a representative of the Peoples Bank of Natchitoches, requesting the name of the company in which the policy was written, together with the name and address of the adjuster handling the loss, and further stating that a member of the insurance agency addressed had advised the writer that the loss had been reported, an adjuster notified and an investigation initiated.
2. Letter of June 18, 1959, from a representative of the Peoples Bank, directed to the Southern Insurance Company advising the existence of a balance due on a chattel mortgage on the insured trailer and formally notifying the addressee of the claim of the said bank.
3. Letter from a representative of the Peoples Bank directed to the J. Ed Morneau Claims Service in Shreveport, giving the same information above noted.
4. Letter of September 10, 1959, directed to the Morneau Claims Service, attention Mr. E. Kernaghan (the investigating adjuster), from plaintiff’s counsel, who also represented the Peoples Bank, requesting information as to why the claim had not been paid and making a demand for payment within ten days, failing which notification was given that suit would be filed to .recover the amount of the loss, together with penalties.
5. Letter from plaintiff’s counsel, dated September 23, 1959, to the same addressee, asking reference to his letter of September 12th, to which no reply had been received, and requesting advice as to the reason for denial of liability and refusal of payment.
6. Letter of September 30, 1959, addressed to counsel for defendant, requesting information as to the reason for denial of liability.
On trial of the case counsel for plaintiff objected to certain questions directed to plaintiff during cross examination by counsel for defendant, which examinations were apparently designed to support a defense of arson. This objection was. based upon the contention that such a defense was affirmative in nature and required to be specially pleaded. The objection was overruled.
It is the contention of counsel for defendant that the mere denial, in its answer, of plaintiff’s allegation that the cause of the fire was unknown was sufficient to- *537 permit the testimony sought to be introduced. We cannot approve this contention since it is well established that an affirmative defense must be specially pleaded. Kizer v. Gamier, 230 La. 552, 89 So.2d 119; Succession of Giordano, 194 La. 648, 194 So. 577, 578. With reference to the last cited case we particularly note the language of the court as follows:
“The purpose of the pleading act is to advise parties litigant of the issues in order that they might have an opportunity to present evidence supporting their contentions. It also prevents a party litigant from springing surprises and catching an opponent at a disadvantage. The defense interposed herein is an affirmative one.”
(Cf. comment on cited case, 3 LLR., 361).
With special reference to insurance claims we cite Pino v. Merchants’ Mutual Ins. Co., 19 La.Ann. 214, in which the court made the following statement:
“Several decisions of this court have .recognized the rule . . . that all matters which show the transaction to be void or voidable in point of law on the ground of fraud, or otherwise, shall be pleaded specially, (cases cited).
“The prevailing rule seems to be, in regard to policies of insurance, that misrepresentations, concealment, etc., must be specially pleaded.”
In Sigrest v. Federal Ins. Co., 14 La. App. 55, 129 So. 379, our brethren of the First Circuit rejected testimony of arson as a defense on the ground that the defendant had made no plea upon which such a contention could be based. An even stronger statement has been made on the same issue in the opinion of the same court in the somewhat recent case of Bar-ban v. Firemen’s Ins. Co., 107 So.2d 480, 482 (writs denied) as follows:
“There is no question that an effort in avoidance or extinguishment of an obligation is a special defense and must be specially pleaded with sufficient facts alleged upon which to introduce proof of the extinguishment or avoidance.”
Though not in effect as of the date of this action, it should be pointed out that if any doubt has heretofore existed with reference to the necessity for pleading an affirmative defense, it has been removed by the provisions of Article 1005 of the LSA-Code of Civil Procedure which requires that an answer shall set forth any matter constituting an affirmative defense.
It is obvious from an examination of the pleadings in the instant case that the defendant did not set up an affirmative defense of the incendiary origin of the fire which was caused or contributed to by the insured, and, accordingly, we think the district judge erred in admitting evidence on this point. It is only necessary to add that in the instant case we agree with the trial judge that, on the facts established by the record, such a defense, even conceding it had been properly asserted, failed for lack of proof.
The above holding precludes the necessity for consideration of the insistent argument of counsel for defendant with respect to his conclusions as to factual circumstances with relation to the defense of arson.
It is next urged on behalf of appellant that plaintiff failed to sustain the burden of proving the extent of his pecuniary loss, and we proceed to a consideration of this issue.
By stipulation of counsel the value of the house trailer was fixed in the sum of $800 and it follows that the asserted error as to proof of loss must be restricted to the allowance of $2,000 made by the district judge as the value of the personal belongings, etc., in the trailer, which were covered by the policy of insurance.
*538 Counsel for defendant-appellant primarily relies upon a pronouncement of the Supreme Court in Germier v. Springfield Fire & Marine Ins. Co., 109 La. 341, 342, 33 So. 361, 363, reading as follows:
“ ‡ * * we are of the opinion that the testimony of the plaintiff, giving only the original cost price of movables, a large proportion of which had been in use for several years, falls somewhat short of establishing their value for the purposes of this case.” (Emphasis supplied.)
First; it must be observed, after reading the entire opinion, that the above quoted statement was based upon the particular facts of the case under consideration and is both inconclusive and inapplicable as a firm declaration of a principle of law as to cases which involve different facts.
The proof as to the items destroyed and the values thereof in the instant case is confined exclusively to the testimony of plaintiff. Counsel for defendant complains that plaintiff should have secured supporting vouchers from the stores where the specific items were purchased which would have served to establish the cost prices and dates of purchase. It suffices to say that, in our opinion, the acceptance of this argument would establish a rule of required valuation so utterly and completely impossible of fulfillment in the vast majority of cases as to prevent any recovery by any claimant under any policy covering an insured risk. We have no hesitancy in rejecting this contention.
Our examination of the record convinces us that the best evidence available was offered by plaintiff’s testimony which was based upon a written list comprising fifty-nine separate items of personal belongings and furnishings. In the preparation of this list plaintiff fixed the cost price of each of said items, to the best of his knowledge and ability, amounting to a total of $3,284. As against the cost prices plaintiff also estimated what he regarded as the present value of the items listed in the total amount of $2,727,-50. This computation indicates a reduction of approximately 17% in the cost price of the articles, in the nature of depreciation or discount. Inasmuch as defendant’s liability under the policy was limited to the amount of $2,000, for which judgment was rendered, we think the evidence is more than sufficient to support judgment to this extent. In further connection with our appreciation of the record it should be observed that most of the articles for which recovery is sought were purchased since the year 1956 or 1957, and we question whether any unusual depreciation would have occurred prior to the date of loss on June 8, 1959, and certainly we cannot find any reasonable ground either for rejecting the plaintiff’s claims or reducing the same below the sum of $2,000, which appears to represent little more than 50% of the cost thereof as fixed by his testimony.
Finally we approach the consideration of plaintiff’s claim for penalties and attorney’s fees as asserted in his answer to this appeal. With relation to this point we note that, before answering plaintiff’s petition, defendant filed a plea of prematurity on the ground that no proof of loss had been submitted in accordance with the provisions of the policy, and further, that defendant desired to invoke the appraisal provisions of said policy. This plea was overruled, and, inasmuch as the basis therefor has not been urged in argument or brief before this court, it must be presumed to have been abandoned. Even if this conclusion of abandonment were not justified, we would have no hesitancy, under the facts established by the record before us, in refusing consideration of either of the issues tendered by such plea.
We have seldom examined a record which discloses such an unreasonable, indeed, an almost contemptuous, disregard of the rights of an insured by his insurer as is clearly evidenced by the facts estab *539 lished in this case. The callous disregard of inquiries and importunities for the consideration and settlement of plaintiff’s loss cannot, and should not, he minimized. On trial of the case defendant tendered only-one witness, the divorced wife of plaintiff, the pertinent portion of whose testimony primarily concerned her knowledge of the possessions and furnishings of plaintiff’s trailer as she recalled them to have existed some eighteen months, more or less, prior to the trial of this case. Parenthetically, we note that even on this point the testimony of this witness, in our opinion was more favorable to plaintiff than defendant.
Strangely enough, defendant in this case has almost exclusively relied upon technicalities. Even on trial none of the representatives of defendant insurer, the agency which issued the policy, nor the adjustment bureau which assertedly made an investigation of the loss, were called to testify, and defendant was content with the attempt to defeat plaintiff’s claim solely upon the contended basis of arson, which, as we have above pointed out, was neither properly pleaded nor actually sustained. It is of further significance to observe that defendant failed to produce the testimony of any representative of the Peoples’ Bank of Natchitoches, which appears to have held a mortgage upon the insured trailer.
If defendant possessed any definite information or had any reasonable ground upon which to refuse plaintiff’s demands for settlement of the loss incurred, under its valid and subsisting policy of insurance, we can conceive of no reason why such information should not have been transmitted to plaintiff or his counsel within a reasonable period of time. The record is completely barren of any evidence which would justify in the slightest degree the improper processing, complete lack of attention, and inexcusable delay of defendant in attempting to adjust, settle or deny liability for plaintiff’s loss for the period of more than six months which elapsed between the occurrence thereof and the institution of this suit.
Under the circumstances above related, we are convinced that defendant’s failure to make payment of loss was arbitrary, capricious and without probable cause. It follows that the penalty of 25% of the amount found to be due, together with all reasonable attorney’s fees under the provisions of LSA-R.S. 22:658 should be allowed.
For the reasons assigned the judgment appealed from is amended to the extent of allowing the statutory penalty of 25% of the principal sum of $2,800, together with attorney’s fees, which are hereby fixed in the sum of $750, and, as amended, the judgment appealed from is affirmed at appellant’s cost.