245 So.2d 324

**Mildred HEADRICK**

v.

**PENNSYLVANIA MILLERS MUTUAL INSURANCE CO.**

**No. 50526.**

Feb. 24, 1971.

Rehearing Denied March 29, 1971.

Daniel J. McGee, Mamou, for plaintiff-appellant.

Dubuisson & Dubuisson, William A. Brinkhaus, Opelousas, for defendant-appellee.

SANDERS, Justice.

The sole issue under review in this fire-insurance suit is whether the homeowner is entitled to penalties and attorney's fees. We hold that she is not.

The plaintiff, Mildred Headrick, purchased a home in Mamou on May 24, 1967, for $27,500.00. Her mortgage note to St. Landry Homestead Association for the purchase price was endorsed by Joseph W. Fontenot. On November 27, 1967, she obtained a Homeowner's Insurance policy, with coverage of $30,000.00 on the dwelling, $12,000.00 on the unscheduled personal property, $3000.00 for living expense, and $3000.00 for debris removal.

On January 12, 1968, a fire destroyed the home and all of its contents. Three days after the fire, the adjuster for Pennsylvania Millers Mutual Insurance Company, the insurer, viewed the premises and requested the plaintiff to fill out an inventory, itemizing the lost contents and fixing their values. Several days later, plaintiff returned the inventory to the adjustment office and was told that the claim would be processed in several weeks. Two weeks after the fire, Lieutenant Francis Frugé of the State Police called the adjuster and advised him that arson was involved, that the case was still under investigation, and that the suspects included the homeowner. The adjuster took no further action until March 7, 1968, when he mailed a proof of

loss form to plaintiff, requesting that she complete and return it. Plaintiff's attorney refused to return the proof of loss unless the adjuster would waive the 60-day delay for penalties and attorney's fees. The adjuster declined to waive the statutory delay, and no proof of loss was ever filed with him. The plaintiff instead filed suit seeking to recover the face amount of the policy, a penalty of 25% of the amount recovered, and attorney's fees in the sum of $15,000.00.

The district court rendered judgment in favor of plaintiff in the sum of $42,690.00, plus $5,122.80 as penalties, and $12,000.00 as attorney's fees. The defendant appealed. The Court of Appeal reversed the judgment for penalties and attorney's fees and reduced the recovery on the policy to $39,690.00. 232 So.2d 319.

We granted certiorari to review the judgment of the Court of Appeal, limited to plaintiff's demand for penalties and attorney's fees. 256 La. 245, 236 So.2d 28.

The demand for penalties and attorney's fees is based upon LSA–R.S. 22:-658, making insurers liable for penalties and attorney's fees when they fail to pay a claim within 60 days after receipt of proof of loss and demand, provided the failure to pay is found to be arbitrary, capricious, or without probable cause. The statute is penal in nature and, consequently, must be strictly construed. Nichols v. Iowa Mutual Insurance Company, 232 La. 856, 95 So.2d 338. As the courts have often held, penalties do not arise merely because the insurer is cast in judgment under the policy. They may be assessed only when the failure to pay is arbitrary and capricious. Wells v. Twin City Fire Insurance Company, 239 La. 662, 119 So.2d 501; Ranzino v. Allstate Insurance Company, La.App., 210 So. 2d 907; Bennett v. Niagara Fire Insurance Company, La.App., 126 So.2d 718.

In the present case, the insurer relies upon three defenses to the assessment of the penalties and attorney's fees: (1) plaintiff's refusal to file the sworn proof of loss required by the policy; (2) evidence of arson to justify the delay in payment; and (3) misrepresentation as to the value of the contents of the dwelling. For this decision, we need concern ourselves only with the arson investigation.

The plaintiff objected to all evidence of the arson investigation at the trial. She contends that such evidence was inadmissible, since defendant did not specifically plead that the insured owner had committed the arson. She relies upon Tolbird v. Southern Insurance Company, La.App., 130 So.2d 535 (1961).

An examination of the insurer's answer discloses that it denied liability for penalties and attorney's fees and pleaded that the loss of the house had resulted from arson, that the State had charged several

persons with the crime, and that it did not know its liability on these claims because of several suspicious facts surrounding the burning of this house.

The answer did not specifically name Mildred Headrick as the person responsible for the arson. In our opinion, however, the pleading is sufficient to admit evidence of the arson investigation on the issue of penalties and attorney's fees.

The case of Tolbird v. Southern Insurance Company, 130 So.2d 535 is inapposite. The insurer's answer in that case contained no allegations concerning arson.[1]

From the evidence in the present case, the Court of Appeal found that Mildred Headrick, the insured, had taken no part in the arson. Accordingly, the court granted her recovery under the policy. This judgment is now final.

In denying penalties, the Court of Appeal held that the insurer was entitled to a reasonable time to determine whether or not plaintiff was involved in the arson, and that the delay in payment was not unreasonable under the circumstances.

■ We agree with the Court of Appeal. The record reflects that the fire was of incendiary origin. Lieutenant Francis Frugé of the State Police actually observed two men setting fire to the house during an investigation of an arson conspiracy. Within two weeks after the fire, he notified the adjuster that the fire loss had resulted from arson, that the homeowner was one of several suspects, and that the investigation was continuing. Later, the State Police sent the adjuster a sworn statement of one of the suspects, who implicated Joseph W. Fontenot and an unknown "blonde" woman.

Admittedly, Fontenot and the plaintiff were close friends. He had endorsed her mortgage note for the purchase of the house. At the time of the fire, they were together in New Orleans. They were later married.

At the trial, Wilfred Clifford Harrington testified that Fontenot paid him $1000.00 to burn the house. Harrington then retained Marvin Millet and Davis Benoit to set the fire. Although Benoit did not appear at the trial,[2] Millet testified and admitted the arson. As noted by the Court of Appeal, the trial judge discounted this testimony.

The State Police reports, together with the continuing investigation, were sufficient in our opinion to justify caution and delay on the part of the insurer. This is true though, as contended by plaintiff, the insurer failed to notify her that payment was being withheld because of the arson.

---

1. Docket No. 45,715, Supreme Court of Louisiana, cert. denied June 22, 1961.

2. The record reflects that criminal charges were then pending against Benoit.

Under the extraordinary circumstances, we hold that the insurer's failure to pay the claim before the suit was neither arbitrary, capricious, nor without probable cause. Hence, under the statute, the insurer has no liability for penalties and attorney's fees.

For the reason assigned, the judgment of the Court of Appeal is affirmed at plaintiff's costs.

TATE, J., recused, having participated in Court of Appeal consideration.