LEAR, Judge.
This dispute arises out of an insurance claim under a policy issued by Louisiana Health Service and Indemnity Company (Blue Cross) covering hospital and surgical expenses.
It was stipulated below that Blue Cross was liable for plaintiff’s claim, which had been timely filed but not paid within sixty days. The trial court awarded penalties and attorney fees.
The issues presented on appeal are whether penalties and attorney fees should have been assessed and, if so, whether the penalties should be assessed under R.S. 22:657 or R.S. 22:658.
The trial judge in awarding penalties and attorney fees found that defendant had failed to act as reasonable and prudent business people. An examination of the evidence reveals that plaintiff had been treated for kidney stones shortly before the policy date. The policy excluded a known pre-existing injury. There was some confusion regarding whether the claim presented shortly after the policy date was based upon a pre-existing condition. At that stage of the claim, Blue Cross concluded that it was not covered.
Plaintiff instituted suit alleging the denial to be in breach of policy, but also alleged that his illness was one of kidney stones. The pre-trial order and stipulation of the parties at trial also refers to kidney stones. Plaintiff’s testimony indicated that he was unsure whether he was treated for kidney stones or a liver problem.
The stipulation was amended during trial, based upon a medical report, to show that plaintiff was admitted to the hospital for a liver function test.
It is, therefore, apparent from the record that confusion existed concerning the illness suffered by plaintiff, and we cannot say that defendant’s failure to pay the claim was unreasonable, arbitrary or capricious. Headrick v. Pennsylvania Millers Mutual Ins. Co., 257 La. 1101, 245 So.2d 324 (1971).
*119 The judgment of the trial court is amended to exclude penalties and attorney fees and, as amended, affirmed at appellee’s costs.
AMENDED AND AFFIRMED.