724 F.Supp. 431 (1989)
Raymond CLEMENT
v.
MARATHON OIL COMPANY and Co-Mar Corporation.
Civ. A. No. 89-1554.
United States District Court, E.D. Louisiana.
October 12, 1989.
*432 Marvin Charles Grodsky and John Leslie Young, New Orleans, La., and Gary P. Koederitz, Koederitz & Bohrer, Baton Rouge, La., for plaintiff Raymond Clement.
John Thomas Nesser, III, David S. Bland and Karen M. Worthington, Nesser, King & LeBlanc, New Orleans, La., for defendants Co-Mar Offshore Marine and Angelina Cas. Co.
Charles W. Schmidt, Christovich & Kearney, New Orleans, La., for defendants Dual Drilling and Highlands Ins. Co.
Charles A. Cerise, Jr. and Cliffe F. Laborde, Gelpi, Sullivan, Carroll & Laborde, New Orleans, La., for defendant Marathon Oil Co.
WICKER, District Judge.
Marathon Oil Company ["Marathon"] filed a motion for summary judgment against Co-Mar Offshore Marine Corporation ["Co-Mar"] and Angelina Casualty Company ["Angelina"], which was heard by the Court on an earlier date. After considering the briefs and arguments of counsel, and the applicable law and for reasons orally assigned, the Court granted Marathon's motion for costs of defense in this lawsuit against Co-Mar and Angelina. The court denied Marathon's motion for penalties and attorney's fees under Louisiana insurance law.
The Court now issues these supplemental written reasons for its decision.
Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. F.R.C.P. 56(c).
F.R.C.P. 56(c) "mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552-2553, 91 L.Ed.2d 265 (1986).
Plaintiff was employed as a deckhand/engineer by Co-Mar on board the M/V C/STRIKER and was allegedly injured when he was hit by an empty personnel basket which was being lowered from the Marathon platform to the deck of the vessel in order to pick up roustabouts of Dual Drilling Company ["Dual"] and return them to the Marathon platform. The personnel basket and the crane which was lowering the personnel basket were owned and operated by Dual, a subcontractor of Marathon. Plaintiff sued Co-Mar and Marathon; Co-Mar's insurer, Angelina; Dual and its insurer, Highlands.
When Co-Mar refused to defend and indemnify Marathon in this lawsuit, Marathon filed a cross claim against Co-Mar and a third-party action against Angelina. Marathon based its cross claim against Co-Mar on the Blanket Boat Time Charter which existed between Marathon and Co-Mar; Marathon based its third party action against Angelina as an additional assured under Co-Mar's insurance. Plaintiff subsequently dismissed Marathon from liability. Although thereafter indemnity was no longer an issue, Marathon moved for summary judgment on the refusal of Co-Mar and Angelina to defend Marathon in this lawsuit.
The Court will consider the Marathon and Co-Mar relationship first.
At the outset, the Court finds that the Marathon/Co-Mar Blanket Boat Time Charter is a maritime contract, related to the operation of a vessel. Accordingly, contrary to Co-Mar's position, Louisiana's *433 Oilfield Indemnity Act, La.R.S. 9:2780 is inapplicable to this lawsuit.
In addition, Co-Mar presented three arguments to defeat Marathon's claim for contractual indemnity and defense. In the first place, Co-Mar argued that Marathon was not entitled to indemnity or defense or P & I insurance coverage because any liability Marathon may have in this lawsuit is in its capacity as platform owner and not as vessel owner. In the second place, Co-Mar argued that the sole proximate cause of the injury is the negligence of the crane operator. (In these two arguments, Co-Mar essentially contended that the vessel was merely the fortuitous location  an "inert locale"of the injury.) In the third place, Co-Mar argued that the Marathon/Co-Mar time charter did not unequivocally provide indemnification to Marathon for its negligent acts committed as platform owner, or, at the very least, that the time charter agreement was vague and non-specific.
The Marathon/Co-Mar Blanket Boat Time Charter provides in pertinent part:
OWNER [Co-Mar] hereby agrees to indemnify, defend and hold harmless MARATHON, ... from and against any and all claims for damages, whether to person or property, and against all loss, liability and expense, including attorneys' fees, howsoever arising, whether or not based in whole or in part on any negligent acts or omissions of MARATHON, sole or concurrent, or whether or not based in whole or in part on fault ... of unseaworthiness of MARATHON, sole or concurrent, in any way directly or indirectly connected with the possession, navigation, management, and operation of the Vessel, or the related activities of MARATHON in the vicinity thereof, including, but not limited to loading or unloading. Marathon Motion for Summary Judgment, Exhibit C.
Clearly, then, under the Charter if the allegations against Marathon are for damages arising "in any way directly or indirectly connected with the possession, navigation, management and operation of the M/V STRICKER or the related activities of MARATHON in the vicinity thereof, including, but not limited to loading or unloading," Co-Mar owed Marathon a defense.
The allegations against Marathon in the complaint are as follows: failure to keep a proper lookout, use of defective equipment, failure to use a flagman, conducting an unsafe operation with inadequate personnel, and conducting a hazardous operation in spite of inability of its operator to see the danger zone.
The Court finds that those allegations come within the indemnity and defense language of the time charter agreement, supra, as it included "related activities of MARATHON in the vicinity [of the vessel] thereof." The Court also finds that Co-Mar should have assumed Marathon's defense based on the contract and the pleadings.
As to the particular relationship between Marathon and as Co-Mar's insurer, Angelina, the P & I policy provided coverage for "all such loss and/or damage and/or expense as the Assured shall as owners of the vessel ... become liable to pay...." Marathon Motion for Summary Judgment, Exhibit D. Section B. Clause 3 of the special conditions of the protection and indemnity policy issued by Angelina to Co-Mar provides:
Privilege is hereby granted the Assured [Co-Mar] to agree to name as additional assureds on all policies others for whom the assured is performing work or who are performing work for and with the Assured, provided the Assured shall have so agreed prior to loss. Such others whom the Assured as agreed to name as Additional Assureds shall become Additional Assureds hereunder upon the Assured entering into such agreement, and no further notice, declaration, amendment or endorsement shall be necessary.... Id., Exhibit D, clause 3.
By its very terms, the Court finds that Marathon was automatically covered by the Angelina policy.
*434 Furthermore, the obligation of the insurer to defend is based on the allegations in the pleadings alone.
[T]he insurer [has] a duty to defend unless the allegations and the complaint unambiguously exclude coverage. Where the pleadings, taken as true, allege both coverage under the policy and liability of the insured, the insurer is obligated to defend, regardless of the outcome of the suit or the eventual determination of actual coverage.
* * * * * *
Thus the insurer is obligated to defend if the complaint discloses even a possibility of liability under the policy.... Additionally, Louisiana law dictates that where ambiguity exists as to the coverage intended by the terms of an insurance policy or warranted by the pleadings, the policy is construed against the insurer. [Citations omitted.] [Emphasis in original.] Jensen v. Snellings, 841 F.2d 600, 612, (5th Cir.1988).
Co-Mar and Angelina rely on Fifth Circuit cases in which the Court found that if the injuries were caused by crane operator/platform activities and the vessel was the "inert locale"/"fortuitous location", then the time charter indemnity provisions are inapplicable. See Lanasse v. Travelers Insurance Company, 450 F.2d 580 (5th Cir.1971) [Sole proximate cause of the injury was negligence of the oil company's crane operator. The platform owner was not entitled to contractual indemnity and there also was no P & I coverage]; Smith v. Tenneco Oil Company, 803 F.2d 1386 (5th Cir.1986) [Finding no fault of vessel or crew, the Fifth Circuit rejected platform's owner's indemnification and insurance claim against the vessel owner and his insurance claim against the vessel owner's P & I underwriters]; Hobbs v. Teledyne Movible Offshore, Inc., 632 F.2d 1238 (5th Cir. 1980) [Accident caused by platform crane operator's negligence; the vessel was merely the place where the accident happened]. This Court finds these cases distinguishable. The indemnity language in this case specifically refers to "loading and unloading," and the phrase "loading and unloading" is not limited to cargo. The Court also does not find this language vague and/or non-specific.
The Court finds, however, that penalties under La.R.S. 22:658 against Angelina are not appropriate. La.R.S. 22:658 is penal in nature and must be strictly construed. Smith v. State Farm Fire and Cas. Co., 695 F.2d 202 (5th Cir.1983); Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983). Whether an insurer's failure to defend is arbitrary, capricious or without probable cause is a question of fact to be determined in light of facts and circumstances of the particular case. Smith, 695 F.2d at 205; Offshore Logistics Services, Inc. v. Arkwright-Boston Mfrs. Mut. Ins. Co., 639 F.2d 1142 (5th Cir.) rehearing denied, 647 F.2d 1121 (5th Cir.1981). The burden is upon claimant to prove that the insurer's failure to pay was arbitrary or capricious or without probable cause. Rushing v. Dairyland Ins. Co., 449 So.2d 511 (La.App.1st Cir.1984), affirmed 456 So.2d 599 (La.1984).
In this case, there has been no showing that Marathon's refusal to defend was arbitrary or capricious or without probable cause. The duty to defend is not breached where the insurer refuses to defend because of a conflict of interest. Ezell v. Hayes Oilfield Const. Co., Inc., 693 F.2d 489, 493 (5th Cir.1982), cert. denied sub nom Hayes Oilfield Constr. Co. v. United States Fidelity & Guaranty Co., 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983).
In Ezell, an injured employee of Hayes Oilfield Constr. Inc., ["Hayes"] sued Hayes. Hayes' insurer, United State Fidelity & Guaranty Co ["USF & G"], refused to defend the suit without a reservation of rights which Hayes, in turn, refused to authorize. Hayes and Ezell settled their dispute before trial. A jury returned a verdict against USF & G for attorneys' fees and punitive damages under La.R.S. 22:658 for failure to defend. The Fifth Circuit Court of Appeals reversed, finding that a conflict of interest existed between the insured and the insurer and therefore the insurer's refusal to defend without reservation of rights was not arbitrary and capricious under La.R.S. 22:658. The *435 Court found a conflict between the insured and the insurer despite a broad obligation to defend ["defend any proceeding ... even if such proceeding or suit is groundless, false or fraudulent"] because the Ezell policy contained an exclusion for liability under workers compensation law and Ezell's status as a seaman or a longshoreman was disputed.
In the case of Marathon and Angelina, the policy also contains an exclusion for liability under any compensation act and the Angelina's liability for the costs of defense is not as broad as USF & G's. In the Angelina policy, liability for costs of defense is predicated on assurer approval. Marathon, Exhibit D, Section B.
Angelina's primary insured Co-Mar was contesting its liability for indemnity and defense of Angelina's additional assured, Marathon, under the Co-Mar/Marathon time charter. Although the Court has ruled against Co-Mar on that issue, that does not mean that penalties are automatically owed against the insurer, Angelina. Smith, 695 F.2d at 206, citing Headrick v. Pennsylvania Millers Mut. Ins. Co., 257 La. 1101, 245 So.2d 324 (1971). The Court finds, therefore, that there was a conflict of interest between Angelina and its additional assured, Marathon. Accordingly, Angelina's refusal to defend was not arbitrary and capricious or without probable cause and penalties and attorney's fees are not owed under La.R.S. 22:658.