951 F.2d 54
 COTTON BROTHERS BAKING COMPANY, INC., Plaintiff-Appellee,
v.
INDUSTRIAL RISK INSURERS, Defendant/Third-Party Plaintiff-Appellant,
v.
BAKER PERKINS FOOD MACHINERY, INC., Third-Party Defendant-Appellant.
COTTON BROTHERS BAKING COMPANY, INC., Plaintiff-Appellee,
v.
BAKER PERKINS, INC., Defendant-Appellant.
BAKER PERKINS, INC., Plaintiff-Appellant,
v.
COTTON BROTHERS BAKING COMPANY, INC., Defendant-Appellee.
 No. 90-4128.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 6, 1992.
 
 Esmond Phelps, II, Dorothy H. Wimberly, Marc D. Winsberg, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, La., for Baker Perkins, Inc. & Baker Perkins Food Machinery.
 Howard B. Gist, Jr., George C. Gaienne, III, Gist Methvin, Hughes & Munsterman, Alexandria, La., Lawrence Zelle, Robert M. Wattson, Zelle & Larson, Minneapolis, Minn., for Industrial Risk Ins.
 Dando B. Cellini, Henri Wolbrette, III, Dermot S. McGlinchey, McGlinchey, Stafford, Mintz & Cellini, New Orleans, La., Frederick B. Alexius, Provosty, Sadler & Delaunay, Alexandria, La., for Cotton Bros. Baking Co.
 Appeals from the United States District Court for the Western District of Louisiana
 SUBSTITUTED OPINION ON REHEARING
 (Opinion September 13, 1991, 5th Cir., 1991, 941 F.2d 380)
 Before POLITZ, WILLIAMS, and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 The opinion of this court dated September 13, 1991, as revised on denial of rehearings dated October 10, 1991, is reported at 941 F.2d 380 (5th Cir.1991). On November 25, 1991 we sua sponte recalled our mandate for further consideration of the applications for rehearing. We now revise and correct our original opinion which, as revised and corrected herein, is reaffirmed and reinstated. Other than as granted herein, the petitions for rehearing are denied. The mandate shall issue forthwith.
 
 
 2
 The portion of the opinion subtitled "The IRI Litigation," reported at 941 F.2d 385 and enumerated as headnote , is deleted and the following is substituted:
 
 
 3
 IRI raises three issues on appeal. First it asserts that the trial court erred by not crediting $3,585,761.97 which it had paid under the business interruption policy against the $4,498,000 damages judgment rendered by the district court. IRI contended on appeal that the trial court granted the award to Cotton solely in satisfaction of Section IA of the policy. The record does not support that contention. Section IA notes the insured's rights to receive loss of earnings damages; Section IIA defines such damages and establishes the method of ascertaining such. These sections, in full, provide as follows:
 
 SECTION I
 
 4
 A. Recovery in the event of loss hereunder shall be the ACTUAL LOSS SUSTAINED by the Insured resulting directly from such interruption of business, but not exceeding the reduction in gross earnings less charges and expenses which do not necessarily continue during the interruption of business, for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such described property as has been damaged or destroyed, commencing with the date of such damage or destruction and not limited by the date of expiration of this Policy. Due consideration shall be given to the continuation of normal charges and expenses, including payroll expense, to the extent necessary to resume operations of the Insured with the same quality of service which existed immediately preceding the loss.
 
 SECTION II
 
 5
 A. GROSS EARNINGS.--For the purposes of this insurance "gross earnings" are defined as the sum of:
 
 
 6
 1. total net sales value of production (manufacturing operations),
 
 
 7
 2. total net sales of merchandise (mercantile operations), and
 
 
 8
 3. other earnings derived from operations of the business, less the cost of:
 
 
 9
 4. raw stock from which such production is derived,
 
 
 10
 5. supplies consisting of materials consumed directly in the conversion of such raw stock into finished stock or in supplying the service(s) sold by the Insured,
 
 
 11
 6. merchandise sold, including packaging materials therefor, and
 
 
 12
 7. service(s) purchased from outsiders (not employees of the Insured) for resale which do not continue under contract.
 
 
 13
 No other costs shall be deducted in determining gross earnings. In determining gross earnings due consideration shall be given to the experience of the business before the date of damage or destruction and the probable experience thereafter had no loss occurred. (Emphasis ours.)
 
 
 14
 Michael Driscoll was IRI's lead expert on interruption of business insurance. He headed the IRI committee empowered to approve or reject proofs of loss for such insurance claims. When asked how interruption of business claims should be determined he testified: "You try to project what the company would have done for the period of interruption had there been no loss, then you compare it to what they actually did do and the different number is the amount of the loss." When Cotton's auditors sought instructions from Driscoll on the committee's requirements for the payment of these proofs of loss, Driscoll directed a "line item" procedure which is appropriate only for claims under Section III of the policy. Section III only indirectly relates to damages. Under the policy Cotton was obligated to mitigate damages. Section III entitled Cotton to repayment for each item of expense it incurred in its efforts to mitigate damages during the 15 months in which its business was interrupted. Section III provides in pertinent part:
 
 SECTION III
 
 15
 A. EXPENSES RELATED TO REDUCING LOSS.--This Policy also covers:
 
 
 16
 1. such expenses as are necessarily incurred for the purpose of reducing loss under this Policy (except expense incurred to extinguish a fire), and
 
 
 17
 2. such expenses, in excess of normal, as would necessarily be incurred in replacing any finished stock used by the Insured to reduce loss under this Policy....
 
 
 18
 As instructed, the claims were presented to IRI's committee using the line item procedure and payments of $3,585,761.97 were made.
 
 
 19
 This issue is brought into proper perspective when we focus on the purpose of this insurance--to protect Cotton from losses caused by business interruption, including loss of earnings and additional expenses incurred in an effort to stay in business. As a result, however, of tactics described by the district court as "stonewalling," which we discuss in the subsection on statutory penalties reported at 941 F.2d 386-87 and enumerated as headnote , Cotton did not make the computations detailed in Section IIA. No proofs of loss of such damages were ever invited or submitted and none were paid. The record is devoid of acceptable evidence showing that IRI made any payments whatever for business interruption losses. In this setting, we must reject IRI's contention that it is entitled as a matter of law to a credit against the damages award for the payment of the $3,585,761.97, other than the credit for the $427,460.67 allowed in equity by the district court.
 
 
 20
 The last two paragraphs of that portion of the opinion subtitled "Statutory Penalties," reported at 941 F.2d 387 and enumerated as headnote , is deleted and the following is substituted:
 
 
 21
 We reject the IRI contention that the district court erred in assessing statutory penalties on the entire $4,498,000 (less $427,460.67) which it awarded Cotton Brothers on the business interruption policy, as well as on the $324,735 awarded on the fire policy. We perceive no error therein.
 
 
 22
 The first paragraph of that portion of the opinion subtitled "Conclusion," reported at 941 F.2d 392, is deleted and we substitute the following:
 
 
 23
 IRI's assignments of error are rejected.
 
 
 24
 Finally, we delete paragraph 1 of footnote 15, reported at 941 F.2d 392, and substitute the following:
 
 
 25
 1. Cotton Bros. v. IRI. Affirmed in the amounts of $324,735 and $4,498,000 (less a credit of $427,460.67) plus statutory penalties under La.R.S. 22:658, and prejudgment interest from January 12, 1983 to date of judgment under Louisiana Civil Code article 2924 and post-judgment interest as provided by 28 U.S.C. § 1961. Upon issuance of our mandate the district court may award appropriate attorney's fees as discussed in this opinion.