UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-30558
_____


In the Matter Of:    HANNOVER CORPORATION OF
                     AMERICA, ET AL.,

                                              Debtors,

     WILLIAM G. HAYS, JR., Receiver for
     Debtor-In-Possession rpi Redwood
     Raevine Corporation,

                                     Appellant,

                         versus

     STATE FARM MUTUAL AUTOMOBILE
     INSURANCE COMPANY,

                                     Appellee.

_____

          Appeal from the United States District Court for the
                    Middle District of Louisiana
_____
                       (October 4, 1995)

Before JOLLY and BENAVIDES, Circuit Judges, and FITZWATER[*], District Judge.

BENAVIDES, Circuit Judge:

     The central issue of this appeal is whether an insurance company's refusal to pay a claim on a stolen automobile was unreasonable entitling the claimant to statutory penalties and attorneys' fees under Louisiana law.    Concluding that the

_____
[*]    District Judge of the Northern District of Texas, sitting by designation.

bankruptcy court clearly erred in finding that the insurance company was reasonable in its refusal to pay the claim, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant William G. Hays, Jr. ("the Receiver"), is the Receiver for Debtor-in-Possession, Redwood Raevine Corporation ("Redwood"), which is a part of various bankrupt companies associated with an individual, Sam Recile. By a July 29, 1992 order of the United States District Court for the Eastern District of Louisiana, the Receiver took possession of Redwood's assets, including a 1991 Mercedes Benz automobile that is at the center of this controversy. This order also enjoined Redwood from selling, disposing of, or encumbering any asset of the company without prior court approval.

On August 24, 1992, the Receiver reported to the police that the Mercedes had been stolen from the Redwood complex. The next day, the Receiver notified the insurer of the car, appellee State Farm Mutual Automobile Insurance Company ("State Farm"), of the loss. State Farm, however, refused to settle the claim because it was investigating whether or not the Mercedes had actually been stolen. Apparently, State Farm had been informed that the car had been sold and exported several days before the reported theft.

On June 25, 1993, the Receiver initiated an adversary proceeding seeking payment of the loss, with interest, costs, and statutory penalties and attorneys' fees under Louisiana Revised

2

Statutes 22:658[1] and 22:1220.[2]   Following trial, the bankruptcy

---

[1]    Section 22:658 provides:

   A. (1) All insurers issuing any type of contract . . .
   shall pay the amount of any claim due any insured
   within thirty days after receipt of satisfactory proofs
   of loss from the insured or any party in interest.

   . . . .

   B. (1) Failure to make such payment within thirty days
   after receipt of such satisfactory written proofs and
   demand therefor . . . when such failure is found to be
   arbitrary, capricious, or without probable cause, shall
   subject the insurer to a penalty, in addition to the
   amount of the loss, of ten percent damages on the
   amount found to be due from the insurer to the insured,
   or one thousand dollars, whichever is greater, payable
   to the insured, or to any of said employees, together
   with all reasonable attorney fees for the prosecution
   and collection of such loss . . . .

La. Rev. Stat. Ann. § 22:658 (West Supp. 1995).

[2]    Section 22:1220 provides:

   A. An insurer . . . owes to his insured a duty of good
   faith and fair dealing.  The insurer has an affirmative
   duty to adjust claims fairly and promptly and to make a
   reasonable effort to settle claims with the insured or
   the claimant, or both.  Any insurer who breaches these
   duties shall be liable for any damages sustained as a
   result of the breach.

   B. Any one of the following acts, if knowingly
   committed or performed by an insurer, constitutes a
   breach of the insurer's duties imposed in Subsection A:

   . . . .

      (5) Failing to pay the amount of any claim
      due any person insured by the contract within
      sixty days after receipt of satisfactory
      proof of loss from the claimant when such
      failure is arbitrary, capricious, or without
      probable cause.

   C. In addition to any general or special damages to
   which a claimant is entitled for breach of the imposed
   duty, the claimant may be awarded penalties assessed

court rendered judgment in favor of the Receiver for $45,000, the amount of the loss, plus interest and costs. However, the bankruptcy court did not award penalties or attorneys' fees pursuant to sections 22:658 or 22:1220 because it found that State Farm acted reasonably in conducting its investigation. The Receiver appealed to the district court alleging that the bankruptcy court erred in failing to award the penalties and attorneys' fees. The district court affirmed the bankruptcy court's judgment; this appeal ensued.

ARBITRARY AND CAPRICIOUS ACTION

Under section 22:658, an insurance beneficiary is entitled to penalties and attorneys' fees if, following satisfactory proof of loss, the insurer fails to pay a claim within thirty days and the failure is found to be arbitrary, capricious, or without probable cause. La. Rev. Stat. Ann. §§ 22:658(A)(1), (B)(1) (West Supp. 1995). Similarly, section 22:1220 imposes a duty of good faith and fair dealing on an insurer and subjects an insurer to penalties if the insurer fails to pay a claim within sixty days following satisfactory proof of loss, and the failure was arbitrary, capricious, or without probable cause. La. Rev. Stat. Ann. §§ 22:1220(A), (B)(5), (C). Satisfactory proof of loss occurs when the insurer has adequate knowledge of the loss. Cotton Bros. Baking Co. v. Industrial Risk Insurers, 941 F.2d 380, 386 (5th Cir.

against the insurer in an amount not to exceed two
times the damages sustained or five thousand dollars,
whichever is greater.

La. Rev. Stat. Ann. § 22:1220 (West Supp. 1995).

4

1991), on rehearing, 951 F.2d 54, cert. denied, 504 U.S. 941 (1992); Hart v. Allstate Ins. Co., 437 So.2d 823, 828 (La. 1983).

As this Court recently noted, both statutes are penal in nature. Real Asset Management, Inc. v. Lloyd's of London, 1995 WL 469807, at *1 (5th Cir. Aug. 24, 1995). Because of the penal nature, the statutes are strictly construed and should not be invoked when the insurer has a reasonable basis for denying coverage. See Saavedra v. Murphy Oil U.S.A., Inc., 930 F.2d 1104, 1111 (5th Cir. 1991). Therefore, the threshold issue is whether the insurer acted reasonably in failing to timely pay the claim once the insurer had adequate knowledge of the loss.

The bankruptcy court explicitly found that State Farm did not act arbitrarily or capriciously in refusing to pay or settle the claim because "State Farm had a reasonable suspicion and was making a reasonable investigation of the matter." The court based this finding on the testimony of a State Farm claim representative that there was still a reasonable doubt in his mind as to whether the vehicle was actually stolen or whether it was sold. The court concluded: "While it appears quite clear now as a matter of fact that the vehicle was not sold, at least was not sold by an authorized representative of the corporation, there was a reasonable doubt in the mind of State Farm representatives and they proceeded with reasonable caution to investigate the matter."

This court reviews findings of fact by the bankruptcy court under the clearly erroneous standard and decides issues of law de novo. Haber Oil Co. v. Swinehart (In re Haber Oil Co.), 12 F.3d

426, 434 (5th Cir. 1994); see Chevalier v. Reliance Ins. Co., 953 F.2d 877, 883 (5th Cir. 1992). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed. Haber, 12 F.3d at 434.

We believe that the bankruptcy court clearly erred considering the undisputed facts of this case. It is uncontested that the Receiver was rightfully in possession of the Mercedes in accordance with the July 1992 court order. This same order precluded Redwood and its officers, directors, or employees from disposing of Redwood's property without court approval. The Receiver presented uncontroverted testimony that the Mercedes was parked at the Redwood complex in August 1992, just days prior to the theft. Further, it is uncontested that car was removed from the Receiver's possession, without consent. These facts lead to the inexorable conclusion that the Mercedes was stolen from the Receiver.

State Farm, however, contends that its failure to settle the claim was reasonable because of the "suspicious circumstances" surrounding the disappearance of the vehicle. Central to its theory is the discovery of a purported bill of sale reflecting that Redwood sold the car on June 20, 1992, one month prior to the Receiver taking possession of Redwood's assets. State Farm argues that since there was reason to believe that the car was not part of the receivership estate, it acted reasonably when it denied coverage pending resolution of its investigation. The Receiver

does not dispute that State Farm was entitled to a reasonable investigation. However, the Receiver maintains that once State Farm confirmed the fraudulent nature of the bill of sale, it no longer had a reasonable basis to dispute that the car was stolen from the Receiver and was required to settle the claim. The Receiver is correct.

The undisputed evidence reflects that State Farm procured the alleged bill of sale in April 1993, eight months after the reported theft. This handwritten document reflects the sale of a gold Mercedes Benz, with only 104 miles from Redwood to Yasser M.S. Tokatli with a Saudi Arabian mailing address. The signature of the seller was Mike T. Butler. The buyer's signature appears to be John G. Davis, who also signed along with Butler as a witness. The document is notarized by Georgia Notary Public, Linda C. Davis. In late April 1993, State Farm deposed the president of Redwood, V. Rae Phillips. Phillips testified that Redwood bought a taupe-colored Mercedes Benz that was used for business purposes in December 1990. At the time of receivership, it had seven to ten thousand miles on it. Concerning the bill of sale, Phillips testified that she knew none of the names listed on the document. Specifically, Phillips had never heard of the alleged seller, Mike T. Butler, and Butler was not associated with Redwood or any of the Recile companies. Following this deposition, State Farm clearly had notice that the bill of sale was not genuine. In August 1993, the fraudulent nature was confirmed when State Farm learned that the signature of notary Linda Davis was also a forgery. State Farm

7

adjuster Kenneth Mann testified that State Farm had no other evidence, aside from the bill of sale, indicating that the car was transferred by Redwood prior to the receivership. Despite concrete evidence as of August 1993 that the bill of sale was fraudulent, State Farm continued to refuse payment.

State Farm's sole basis for disputing the Receiver's claim was that the car was sold prior to the Receiver's possession of it. The only evidence of prior sale is the fraudulent bill of sale. Consequently, it is clear from this record that as of August 1993, State Farm no longer had any reasonable basis to dispute that the car was stolen from the Receiver. At that time, State Farm was under a statutory duty to settle the Receiver's claim. However, State Farm paid the claim only after trial and adverse judgment was rendered, some eighteen months after learning of the theft and six months after definitive proof that the bill of sale was fraudulent.

State Farm relies on Headrick v. Pennsylvania Millers Mutual Insurance Co., 245 So.2d 324, 327 (La. 1971), for the proposition that an insurer is entitled to a reasonable time for investigation where there are suspicious circumstances surrounding a loss. Headrick involved an arson defense where the claimant was a suspect and the investigation was ongoing prior to trial. The situation here is quite different. By August 1993, with the confirmation of the fraudulent bill of sale, there was no evidence that Redwood sold the vehicle prior to receivership. It was likewise clear that: the Receiver was the rightful possessor of the Mercedes; only the Receiver could approve sale of the car; and that no approval

8

was ever given.  At this point State Farm's defense evaporated; its failure to pay became arbitrary and capricious.  See Bohn v. Louisiana Farm Bureau Mutual Ins. Co., 482 So.2d 843, 857-58 (La. App. 2d Cir.) (holding insurer acts arbitrarily and capriciously for failing to settle claim once investigation clearly suggests that insurer's defense is no longer available to it), writs denied, 486 So.2d 750, 752 (La. 1986).

Despite this clear duty, State Farm still maintains that it acted reasonably because other investigations by the National Insurance Crime Bureau and the East Baton Rough Parish Sheriff's Office had not concluded and that State Farm still does not know what became of the Mercedes.  These arguments, however, are irrelevant to the validity of the Receiver's claim.  Even though other investigations into the disappearance failed to piece together the ultimate fate of the Mercedes, there was still no evidence before State Farm that the car was sold prior to the receivership or that the Receiver had sold the car.  In the absence of such evidence, we hold that State Farm's refusal to settle the claim was arbitrary and capricious.

APPLICATION OF SECTIONS 22:658 AND 22:1220

Given our holding, it is necessary to remand this cause to the bankruptcy court for determination of applicable statutory penalties and attorneys' fees under sections 22:658 and 22:1220. Because the relationship between these statutes has created some confusion, we briefly offer our guidance.

Section 22:658 subjects an insurer to a penalty of ten percent

9

of the amount due the insured or one thousand dollars, whichever is greater, if the insurer fails to pay a claim within thirty days of satisfactory proof of loss and the insurer acts arbitrarily, capriciously, or without probable cause. La. Rev. Stat. Ann. §§ 22:658(A)(1), (B)(1) (West Supp. 1995). The bankruptcy court determined the amount of the covered loss was $45,000; therefore, the Receiver is entitled to the ten percent penalty of $4,500. Additionally, section 22:658 provides for reasonable attorneys' fees for the prosecution and collection of the loss. On remand, the bankruptcy court shall determine and award these reasonable fees.

The application of section 22:1220 is more complex. Initially, State Farm argues that section 22:1220 is inapplicable because the Receiver did not amend his complaint to include section 22:1220 damages until the eve of trial. State Farm objected to the section 22:1220 allegations during its closing argument, but the issue was mooted when the trial court found no arbitrary or capricious action. State Farm argues on appeal that its objection should therefore be resurrected. This point is meritless. While the Receiver's initial complaint included only section 22:658, it also prayed for recovery of penalties and fees as provided by law. Additionally, the pretrial order specifically identified sections 22:658 and 22:1220 as the issues of law in dispute. Under Federal Rule of Civil Procedure 54(c), a final judgment shall grant the relief to which the prevailing party is entitled. Fed. R. Civ. P. 54(c). If the defendant has appeared and begun defending the

action, adherence to a particular legal theory suggested by the pleadings is subordinated to the court's duty to grant the relief to which the prevailing party is entitled, whether it has been demanded or not, provided the failure to demand has not prejudiced the adversary. 10 Charles A. Wright et al., Federal Practice and Procedure § 2664 (1983). While the Receiver's initial pleadings may have raised only section 22:658, it is clear from the pretrial order that both statutes were at issue. Consequently, the Receiver's failure to initially plead section 22:1220 damages does not bar recovery if the statute otherwise applies.

Sections 22:658 and 22:1220 are similar in that each statute provides for penalty awards when an insurer has arbitrarily, capriciously, or without probable cause failed to timely settle a claim. As we noted in Real Asset, the primary difference between the two statutes is that section 22:1220 provides for an insured or claimant or both to sue for breach of the duties under the statute, whereas section 22:658 only allows an insured to sue for breach. 1995 WL 469807, at *1. Because this is an action between an insured and insurer, both statutes apply. See id.

Section 22:1220 is triggered when, inter alia, an insurer breaches its duty of good faith and fair dealing by failing to pay the amount of a claim within sixty days of its receipt of satisfactory proof of loss when its failure is arbitrary, capricious or without probable cause. La. Rev. Civ. Stat. Ann. §§ 22:1220(A), (B)(5) (West Supp. 1995). Under the statute, a claimant "may be awarded penalties assessed against the insurer in

11

an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."[3] Id. § 22:1220(C). State Farm contends that under Louisiana law, a claimant must prove damages sustained as a result of the breach to be entitled to the penalty. See Champagne v. Hartford Casualty Ins. Group, 607 So.2d 752, 758 (La. App. 1st Cir. 1992); see also Khaled v. Windham, 657 So.2d 672, 680 (La. App. 1st Cir. 1995). According to State Farm, the Receiver has no damages as a result of the breach, save attorneys' fees, and therefore is not entitled to relief under the statute. See Champagne, 607 So.2d at 758-59. The Receiver, relying on Estate of Robichaux v. Jackson National Life Insurance Co., 821 F. Supp. 429, 431 (E.D. La. 1993), aff'd without opinion, 20 F.3d 1169 (5th Cir. 1994), and Midland Risk Insurance Co. v. State Farm Mutual Auto. Insurance Company, 643 So.2d 242, 244 (La. App. 3d Cir. 1994), contends that there is no requirement of a showing of damages arising from the breach before penalties are applicable.

A careful reading of the most recent authority reveals that the Louisiana courts of appeals have resolved much of the apparent conflict. The Louisiana First Circuit holds that a penalty award under section 22:1220 requires proof of damages arising from the breach. See Champagne, 607 So.2d at 758; Khaled, 657 So.2d at 680.

---

[3]     We note that section 22:1220, which applies after a sixty-day delay and provides for greater penalties, states that the claimant "may be awarded penalties." In contrast, a violation of section 22:658, applicable after a thirty-day delay and providing for only a ten percent penalty, "shall subject the insurer to a penalty."

12

While there is language in earlier Louisiana Third Circuit cases that no showing of damages from the breach is necessary,[4] the Third Circuit now concurs that the double-damages provision applies only after a showing of damages arising from the breach.  See <u>Hall v. State Farm Mut. Auto. Ins. Co.</u>, No. 94-867, 1995 WL 323106, at *4 (La. App. 3d Cir. May 31, 1995).  However, if no damages are proven the claimant can still be awarded the maximum $5,000 penalty. <u>Id.</u> Previous Third Circuit authority is consistent with this position. <u>See Midland Risk</u>, 643 So.2d at 244 (affirming a $5,000 penalty award in the absence of proof of damages); <u>Harris v. Fontenot</u>, 606 So.2d 72, 73-73 (La. App. 3d Cir. 1992) (affirming a $5,000 penalty award although damages not proven).  Likewise, <u>Robichaux</u> is consistent with this interpretation.  821 F. Supp. at 431-32 (awarding $5,000 penalty where plaintiff failed to prove damages as a result of the breach).  Consequently, on remand the bankruptcy court should consider appellant's claim for penalties under section 22:1220 and determine if the Receiver has damages arising from the breach making the double-damage provision applicable.  If there are none, only the $5,000 maximum penalty can apply in the event penalties are awarded under section 22:1220.  In any event, the Receiver shall be at least entitled to the $4,500 penalty and reasonable attorneys' fees under section 22:658.

CONCLUSION

---

[4]    <u>See</u>, <u>e.g.</u>, <u>Midland Risk</u>, 643 So.2d at 244 ("Thus, we find if an insurer commits any one of the acts enumerated in Section 1220(B), penalties may be imposed without a showing of damages.").

The bankruptcy court erred in finding that State Farm did not act arbitrarily and capriciously in refusing to settle the Receiver's claim. Accordingly, the district court's order affirming that portion of the judgment denying appellant's claim for penalties and attorneys' fees under sections 22:658 and 22:1220 must be REVERSED and the case REMANDED to the district court with instructions to REMAND to the bankruptcy court for further proceedings consistent with this opinion.