506 So.2d 879 (1987)
Leroy P. LeBOUEF
v.
Phillip H. GROSS and Security Insurance Group et al.
No. 86CA0136.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Louis J. St. Martin, Houma, for plaintiffs and second appellants, Leroy P. LeBouef et al.
William P. Golden, Jr., LaPlace, for defendant-appellee, Fire & Cas. Ins. Co.
John J. Cooper, New Orleans, for defendant and first appellant, Louisiana Paving Co., Inc.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
*880 CRAIN, Judge.
This appeal raises quantum issues arising out of a suit for personal injuries sustained in an automobile accident. Liability is not contested. The plaintiff sustained back injuries and was awarded $175,000 for loss of earnings; $250,000 for pain and suffering; $25,000 for medical expenses; and $10,000 for loss of consortium. Both the plaintiff and defendant appealed, each claiming the trial court abused its discretion in awarding damages. Defendant, Security Insurance, claims the award for pain and suffering is excessive; while plaintiff, Leroy LeBouef, claims the award for loss of earnings is inadequate. There are also disputes regarding awards for special damages.

FACTS
In 1983, Leroy LeBouef was a 35 year old oil rig worker employed as a derrickman/driller, earning approximately $28,000 a year. He was injured on July 1, 1983, when Philip Gross, an employee of defendant, Louisiana Paving Co., ran his eighteen wheel rig into the rear of a car LeBouef was driving. LeBouef sustained a ruptured cervical disc, a bulging lumbar disc, and cartilage damage to one knee. He underwent surgery, and an anterior cervical discectomy and fusion was performed. He is now diagnosed as having a 15% permanent partial disability of his body as a whole. He is unable to sit or stand for long periods. He is restricted from lifting over 35 lbs., and cannot engage in any manual labor. He is unemployable in the oilpatch, and has a tenth grade education. He suffers intermittent pain, and has substantial psychological problems.
LeBouef testified at trial that he has intermittent pain in his legs and back, along with migraine headaches. His back and leg pains are aggravated whenever he engages in physical activity such as household chores. He is nervous, irritable, and depressed. The medication he takes to control the pain adversely affects his sex drive. A vocational rehabilitationist testified that due to LeBouef's injuries and education, LeBouef's job prospects are limited to low paying, low self-esteem jobs. He is a candidate for future surgery.

PAIN AND SUFFERING
The trial court awarded plaintiff $250,000 for pain and suffering. Defendant claims that this award is excessive, and constitutes an abuse of the trial court's "much discretion". La. C.C. art. 1999. Plaintiff contends that this award is well supported by the record and not an abuse of discretion. Plaintiff also contends that while the award was made for "pain and suffering", this includes past and future physical pain and suffering, and mental pain and anguish.
The award is in the nature of a lump sum for general damages, and not solely for pain and suffering. Plaintiff was entitled to collect for past and future physical pain and suffering, past and future mental anguish and distress, and past and future disability. See Guillory v. Avondale Shipyards, Inc., 448 So.2d 1281 (La.1984).
The fact that general damages were awarded in lump sum does not, however, abrogate our responsibility to determine whether the sum constitutes an abuse of discretion. After careful review of the record, we find that the award is within the upper limit of the trial court's discretion. The plaintiff has extensive physical and emotional problems suffered as a direct result of the accident. He will continue to have medical problems in the future, and will require further medical treatment. As his condition deteriorates his damages will increase. Accordingly, we will not disturb this award.

LOST WAGES
The trial court awarded $46,620 for past loss of wages, and $175,000 for future loss of wages. Plaintiff does not contest the award for past wages, but contends the award for future earnings should properly be $717,798. We disagree. The record contains expert testimony from both sides supporting each contention. The trial court is free to accept or reject, in whole or *881 in part, the testimony of any witness. Harris v. Best of America, Inc., 466 So.2d 1309 (La.App. 1st Cir.), writ denied, 470 So.2d 121 (La.1985). The trial court specifically found that LeBouef could return to some form of employment-albeit at minimum wage or slightly above. The trial court's finding is supported by the record.

MEDICAL COSTS
We find no merit in defendant's contention that the award of $25,000 for past and future medical costs is not supported by the record. Approximately $12,000 was spent through the date of trial. This leaves approximately $13,000 for future medical costs, an amount reasonably supported by evidence in the record that Le-Bouef will require for future medical treatment.

INTEREST
Defendant contends judicial interest should only have been assessed against it from the date it was added by plaintiff by a supplemental and amending petition. This is incorrect. Interest ran against defendant from the date of the plaintiff's first judicial claim against one of defendant's solidary obligors. Burton v. Foret, 498 So.2d 706 (La.1986).

CONSORTIUM
Defendant claims the trial court erred in awarding LeBouef $10,000.00 for loss of consortium. Plaintiff concedes in brief that he cannot recover for loss of his own consortium. La. C.C. art. 2715. Plaintiff claims, however, that the phraseology of the judgment was imprecise, and that the trial court intended to make the award only to plaintiff's wife, Kathleen LeBouef. She contends that although she settled her claims for her own injuries, the settlement did not include her claims for her damages resulting from and arising out of, her husband's injuries. Therefore, she contends her claim for loss of consortium was not included in the settlement. We disagree.
In the petition for damages Kathleen Le-Bouef claims her loss of consortium as a separate item of recovery. La.C.C. art. 2315 was amended in 1982 to provide a new cause of action for loss of consortium where death does not occur. Lee v. K-Mart Corporation, 483 So.2d 609 (La.App. 1st Cir.1985), writ denied, 484 So.2d 661 (La.1986). The cause of action for loss of consortium is granted to specific relations of an injured person, in this case the spouse. The damages are separate and distinct from those of the injured person. However, we find that Mrs. LeBouef settled all of her claims. The settlement agreement reserved only Mr. LeBouef's claims for his personal injuries. The agreement did not limit Mrs. LeBouef's settlement claims solely to her own physical injuries. Consequently, Mrs. LeBouef's claim for loss of consortium was settled prior to trial. In fact, the plaintiff concedes this award could only have been made to Mrs. LeBouef. Therefore, we find the trial court erred in making the award.

RENTAL CAR
The trial court erred in awarding LeBouef $3,175.20 for expenses he incurred in renting a car. LeBouef rented the car for a period of 108 days. He knew within one to two weeks after the accident that the car was declared a total loss. Consequently, he had a reasonable period of time from that date to procure a new automobile or otherwise mitigate his damages. Hoffman v. All Star Insurance Corp., 288 So.2d 388 (La.App. 4 Cir.), writ denied, 290 So.2d 909 (La.1974). We believe that four weeks from his knowledge of the loss to be a reasonable period. Menard v. Prejean, 374 So.2d 1275 (La.App. 3d Cir.1979). The rental cost was $29.40 a day. Six weeks at $29.40 a day amounts to $1,234.80. The judgment is amended to this amount.

DECREE
Accordingly, for the above and foregoing reasons, the decision of the lower court is reversed on the award of consortium. The decision is otherwise affirmed as amended. Both plaintiff and defendant are cast equally for costs.
*882 REVERSED IN PART, AMENDED AND AFFIRMED IN PART, AND RENDERED.