DOMENGEAUX, Judge.
This tort suit arose from an automobile accident which occurred on August 25, 1986, in Pineville, Louisiana. Plaintiff, Grady Brockner, was hit by defendant, Jack Dunn, when Dunn failed to yield at a stop sign. Brockner sued Dunn and his insurer, Protective Casualty Insurance Company, for property damage and personal injuries which he incurred as a result of the accident. Also named as a plaintiff was Reliable Finance Company, Inc., the company which owned the vehicle Brockner was driving at the time of the accident. Liability was not disputed by defendants.
After a bench trial, the plaintiffs were awarded $2,500.00 in general damages and special damages itemized as follows:
Car repairs, body work $ 2,921.96
Car repairs, engine work (mechanical) $ 469.42
Car rental $3,817.15
Phone bills $ 109.39
Chiropractor bills $ 20.00
The defendants did not dispute liability for the body repairs made to the plaintiffs’ *76 car, nor did they dispute the award for the chiropractor’s $20.00 bill. In fact, the defendants tendered a portion of the amount due for those items after suit was filed but prior to trial. The defendants contend, however, that the plaintiffs are not entitled to reimbursement for mechanical repairs, car rental, and phone bills, and that the general damage award of $2,500.00 is excessive.
We disagree with the defendants’ position and affirm the trial court’s award.
The defendants raise as their first issue the question of whether the trial court erred in awarding rental car expenses for the forty-six day period during which the plaintiffs refused to authorize the repair of their vehicle. The defendants argue that the plaintiffs were obligated to mitigate their rental car costs by immediately authorizing repairs. We disagree. The defendant-insurer did not even complete its appraisal of the car’s damages until September 24, 1986, a full month after the accident. Had plaintiffs authorized immediate repair of the vehicle, the insurer would have been unable to assess its damage.
The record reflects that Brockner’s position as president of Reliable Finance Co. required that he travel extensively throughout the state. His business necessitated access to an automobile at all times. In Lofton v. Whimper, 425 So.2d 1307 (La.App. 4th Cir.1983), the owner of a car which was damaged in a collision with a bus was awarded the full amount incurred in renting a substitute automobile, where the owner proved that she needed a car to conduct her business, and the long delay in repairing her automobile was shown not to be her fault. See also LeBouef v. Gross, 506 So.2d 879 (La.App. 1st Cir.1987).
The case at bar is analagous. Brockner proved that he needed a car to conduct his business, and he showed that the delay in repairing his own vehicle was not his fault. Therefore, we agree with the trial court’s determination that plaintiffs are entitled to recover rental car expenses incurred as a result of this accident.
The second issue presented by defendants concerns the propriety of reimbursement for long distance telephone calls which were related to the accident and which were made while liability and damages were still in dispute. Most of the calls were made to L.J. Kipper, the manager of the Pineville office of Reliable Finance, whom Brockner had placed in charge of having the car repaired. The car was to be repaired in Alexandria, near the scene of the accident, and Brockner had to call Kipper from his office in Monroe to check on the status of the insurance claim and car repairs. The telephone charges were a necessary and unavoidable result of the accident. We find no abuse of the trial court’s discretion in awarding this item of special damages.
Defendants next raise the question of whether the trial court erred in granting an award for mechanical damage to the car which resulted from the forty-six day period in which the car sat inoperable. The trial judge determined that the replacement of the battery and the power steering pump were both necessitated by the accident. Because we have previously determined that the plaintiffs were justified in delaying authorization of the repair work, we find that any damage resulting from that delay is the defendants’ responsibility. Accordingly, we find that the trial court’s award was correct.
Finally, defendants questioned the propriety of the $2,500.00 general damage award. Brockner’s personal injuries included a scraped elbow and a hurt back. He incurred a $20.00 chiropractor bill. The pain in his back subsided within two months and no further medical evidence was introduced.
The general damage award included compensation for the personal injuries complained of, as well as Brockner’s inconvenience and aggravation, all of which are compensable elements of damages under Louisiana Civil Code article 2315. The repairs to the car were not completed until almost four months after the accident, during which time the plaintiffs spent an indeterminable amount of time dealing with *77 rental car agencies, car repair shops, and insurance adjusters. The record shows that the plaintiffs incurred problems throughout that four month period. The insurers’ initial damage appraisal was incomplete and had to be repeated; at least one rental car broke down; the repairs to the plaintiff’s car were unsatisfactory and more work had to be done. Such inconvenience and aggravation certainly constitute compensable elements of damages. We do not believe that the trial court was manifestly erroneous in awarding $2,500.00 for the plaintiff’s pain and suffering combined with the inconvenience and aggravation he endured as a result of this accident.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed to defendants.
AFFIRMED.