619 So.2d 1244 (1993)
Angela S. ROMERO, Plaintiff-Appellee,
v.
Ophe P. GARY, Jr., et al., Defendants-Appellant.
No. 92-1071.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*1245 Roger C. Sellers, Abbeville, for Angela Romero.
Morris Michael Haik Jr., New Iberia, for Ophe Gary Jr. et al.
Before DOMENGEAUX, C.J., and YELVERTON and SAUNDERS, JJ.
SAUNDERS, Judge.
This is an appeal by Automotive Casualty Insurance Company and Ophe P. Gary, Jr., defendants and appellants herein, from a judgment in favor of plaintiff and appellee, Angela S. Romero. We affirm.
The following facts are adduced from the record:
This suit arises from an automobile accident occurring in February of 1991, at approximately 6:55 a.m. Plaintiff was traveling west on La. Hwy. 14 when defendant, Gary, pulled onto the highway from an intersection. Gary failed to stop at the stop sign and proceeded into the intersection, making a right-hand turn in front of the plaintiff's vehicle. Plaintiff attempted to avoid the accident by pressing her brakes, but was unable to stop the vehicle in time and struck the rear of Gary's vehicle. Gary had traveled some 59 feet from the center of the intersection before being struck.
It was early in the morning, with overcast, drizzly weather which made visibility poor. Plaintiff was certain her headlights were on and functioning. The investigating officer testified at trial. He did not issue a citation to either party, stating he was unable to determine whether Gary was at fault for entering the intersection or if the plaintiff was at fault for traveling too fast under the weather conditions or whether she was merely inattentive.
Plaintiff filed this lawsuit seeking property damages for automobile repairs and damages for loss of use of the vehicle for 34 days. She also sought statutory penalties under LSA-R.S. 22:1220.
A bench trial was held in March of 1992. The trial judge found for the plaintiff and against both defendants and awarded *1246 $2,000.00 for property damage and additionally found that Automotive Casualty Insurance Company breached its duty of good faith and fair dealing imposed under LSA-R.S. 22:1220 and awarded an additional $5,000.00. It is from this judgment which defendants appeal.

ASSIGNMENT OF ERROR NO. 1
In their first assignment of error, defendants complain that the trial court erred in finding Gary 100% at fault. An appellate court may not set aside a trial court's or jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La. 1989). The determination of contributory negligence is a factual matter lying within the discretion of the trier-of-fact and will not be disturbed on appeal in the absence of manifest error. McCaskill v. Welch, 463 So.2d 942 (La.App. 3d Cir.), writ denied, 466 So.2d 469 (La.1985). The rationale for this well settled principle is based not only upon the trial court's better capacity to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
A defendant who claims contributory negligence as an affirmative defense must prove by a preponderance of the evidence that the injured failed to act as a reasonable and prudent person and his negligence was the legal cause of the accident. The threshold inquiry in determining legal cause is whether the act was a substantial factor in causing the accident. U.S. F. & G. v. Hi-Tower Concrete Pumping, 574 So.2d 424 (La.App. 2d Cir.), writ denied, 578 So.2d 136, 137 (La.1991).
Defendants' case against the plaintiff was that she was driving at an excessive speed during early morning hours, in poor weather conditions, without her headlights on, and that these factors caused her to strike Gary's vehicle nearly 60 feet west of the intersection. The first hurdle defendants faced was proof that plaintiff was speeding. Officer Steven Peltier of the New Iberia Police Department was dispatched to the accident. He testified at trial. It was his testimony that he estimated plaintiff's speed at 45 mph and that the speed limit on La. Hwy. 14 is 55 mph. He also estimated Gary was traveling at 10 mph. He based his estimation on viewing the damage to the vehicles and the location of the vehicles. He could not make a determination based on skid-marks due to the wet pavement.
Plaintiff testified that she was not driving faster than 40 mph. She testified that she was on her way to work that morning, was not running late, and was following the normal speed with the traffic on that highway.
Monica Simon, a passenger in plaintiff's vehicle, also testified at trial. She also testified that the plaintiff was not speeding, and traveling at 40 mph at the most, before plaintiff applied the brakes.
Defendants did not present any evidence refuting the testimony of the officer, the plaintiff, or Monica Simon.
Next, defendants' claim that the plaintiff was driving without her headlights turned on. Officer Peltier could not testify regarding the headlights. He did not make any note on his accident report that the headlights were on or off. However, both the plaintiff and Monica Simon testified that the headlights were on. Only Gary testified that he did not see her approaching vehicle because she did not have the headlights turned on.
The evidence does not preponderate a finding that the trial judge was clearly wrong in finding Gary 100% at fault, therefore, we do not disturb that finding.

ASSIGNMENT OF ERROR NO. 2
Defendants next contend that the trial court erred in assessing penalties against Automotive Casualty under LSA-R.S. 22:1220, where evidence tended to show *1247 that Automotive Casualty possessed adequate grounds to contest liability.
LSA-R.S. 22:1220 provides, in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . .
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

. . . .
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.... [Emphasis ours.]
Because we are faced with penalties as opposed to compensatory damages imposed on insurers and the breach of duty imposed upon them, we follow the interpretive jurisprudence on penal statutes, specifically guided by LSA-R.S. 22:658.[1] See Haynes v. Shumake, 582 So.2d 959, 963 (La.App. 2d Cir.1991), and Hastings v. Southern Nat. Ins. Co., 554 So.2d 221, 226 (La.App. 2d Cir.1989), writ denied, 559 So.2d 126 (La.1990), and cases cited therein.
It is well settled that penal statutes must be strictly construed and the stipulated sanctions should be imposed only in those instances in which the facts negate probable cause for non-payment. There must be a showing that the insurer's actions or failure to act were unjustifiable. Whether an insurer's refusal to pay a claim is arbitrary, capricious, or without probable cause, warranting imposition of statutory penalties and attorney's fees, depends upon the facts known to the insurer at the time of its action. Because this is primary a factual issue, the trial court's findings shall not be disturbed on appeal absent manifest error. Haynes, supra at 961.
A plaintiff seeking penalties under this statute has the burden of proving that *1248 the insurer received "satisfactory proofs of loss" as a necessary predicate, in addition to proving the insurer was acting in bad faith. Hastings, supra.
At trial, Mr. Glen Gautreaux, the claims adjuster for Automotive Casualty, testified to the handling of plaintiff's claim. According to his testimony, he received notice of the accident from Gary's insurance agent, Dave Holley, the day after the accident, on February 6, 1991. Gautreaux testified that the paperwork (police report and loss notice) was received at his office on February 11, 1991. Although in Automotive Casualty's answer to interrogatories, a date of June 28, 1991, was given, Mr. Gautreaux testified he did not know where that date came from nor did he know who had answered the interrogatory. Plaintiff filed the lawsuit in March of 1991. Subsequently, the file was sent to the legal department. Apparently, the date was provided by the legal department of Automotive Casualty and corresponds with the date the legal department received the suit material.
The loss notice and the police report contained a description of the accident. On February 11, 1991, Mr. Gautreaux noted in his activity log that in an effort to settle and relying on the accident report and loss notice, he recommended an offer to the plaintiff to pay 50% of the damages. Then, on February 27, 1991, that recommendation was overruled by his supervisor, Mark Adolph, who had decided to deny the claim based upon his conclusion that there was no negligence on the part of Gary. The claim was denied and plaintiff filed suit on March 25, 1991.
The accident report and the loss notice was admitted into evidence. Mr. Gautreaux also testified that he had obtained information about the accident from the insured, Gary. The record supports the conclusion that the adjuster's investigation was perfunctory. Both Mr. Gautreaux and his supervisor failed to reasonably investigate and fairly adjust the plaintiff's damage claim. The police report calls into question the negligence of Gary and the decision to simply deny the claim was a breach of Automotive Casualty's duty to adjust claims fairly and promptly. Therefore, the trial court was correct in imposing penalties upon Automotive Casualty.
Based on the foregoing, the judgment of the trial is affirmed. All costs are assessed to defendants-appellants, Automotive Casualty Insurance Company and Ophe P. Gary, Jr.
AFFIRMED.
DOMENGEAUX, C.J., concurs in part and dissents in part and will assign reason.
DOMENGEAUX, Chief Judge, concurring in part and dissenting in part.
Whether Mr. Gary was at fault in this accident is a fact question. The trial judge decided in favor of plaintiff, the majority opinion proposes to affirm, and I agree. I cannot say that there is manifest error here.
I disagree, however, with the portion of the opinion which affirms the penalty assessment under LSA-R.S. 22:1220. The accident occurred on February 5, 1991. Among other things, 22:1220 provides that the insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. If the insurer breaches these duties, it is subject to damages, however I suggest that a failure on the part of the insurer to settle must be arbitrary, capricious, or without probable cause.
LSA-R.S. 22:1220 became effective July 6, 1990, only seven months prior to this accident. The adjuster made one attempt to settle this case for 50% of the claim. The adjuster's supervisor, however, based on the accident report, and the fact that the defendant was not given a ticket coming from an inferior road, decided to deny the claim. It seems, based on the information which was had at that time, it was not unreasonable to deny the claim, opting instead to have the case tried. Suit was filed less than seven weeks from the date of the accident.
LSA-R.S. 22:1220 is new insofar as it obligates an insurer to not only deal with his insured, but also with the claimant. It *1249 is difficult for me to imagine that this statute prohibits an insurer from denying a claim when it feels that it has a good faith and reasonable reason for doing so. That is what the insurer did here. The fact that the insurer ultimately lost at trial is of no moment in determining its attitude and actions concerning a possible settlement after this accident, but before the trial. This is a new statute and I suggest that the majority is establishing too strict an interpretation of the insurer's obligations under the facts of this case.
Considering the whole of the circumstances surrounding the nonpayment, I cannot in good conscious fault the insurer as being arbitrary or capricious.
Accordingly, I agree to the affirmation insofar as it holds in plaintiff's favor on the question of fault, but would reverse it insofar as it awards penalties under LSA-R.S. 22:1220.
NOTES
[1] A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

(2) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant.
(4) All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658(A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.