625 So.2d 733 (1993)
Gary DEFAZIO
v.
The CITY OF BATON ROUGE, et al.
No. 92 CA 1794.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
Scott T. Gegenheimer, Baton Rouge, for Gary Defazio.
Brian D. Calvit, Baton Rouge, for Jessie Cavin, et al.
Adrian F. Lapeyronnie III, Metairie, for Old Hickory Cas. Ins. Co.
W. Michael Stemmans, Baton Rouge, for City of Baton Rouge, Parish of Ebr.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Gary Defazio (plaintiff) brought this suit against Jessie Wayne Cavin and his automobile liability insurer, Old Hickory Casualty Insurance Company (defendant) seeking damages for personal injuries he sustained when he was struck by an automobile being operated by Cavin.[1] On January 31, 1991, all parties entered into a stipulated judgment which was read into the record. As part of the stipulation, defendant was granted 30 days in which to make payment of its part of the settlement in return for a complete release of all claims.
Defendant failed to make payment as per the stipulation, and accordingly, on March 15, 1991, plaintiff filed a motion to set penalties and attorney fees for bad faith claims settlement practices under Louisiana Revised Statute 22:1220. On June 7, 1991, the trial court heard arguments on the motion and *734 defendant was found to be in violation of Revised Statute 22:1220(B)(2). Plaintiff was awarded $5,000.00 in penalties pursuant to Revised Statute 22:1220(C). Thereafter, on July 1, 1991, the stipulated judgment of January 31, 1991, and the penalties judgment of June 7, 1991, were reduced to writing and signed by the trial judge.
Defendant appeals and contends the trial court erred in awarding plaintiff $5,000.00 in penalties under Revised Statute 22:1220(B)(2) on the grounds that: (1) the stipulated judgment of January 31, 1991, was not reduced to writing until July 1, 1991, and accordingly, under the statute it had 30 days therefrom to make payment; (2) the stipulated judgment of January 31, 1991, did not become effective until the day it was signed by the trial judge; and (3) the penalties provided for in Revised Statute 22:1220(B)(2) apply only to pre-litigation settlements and judgments and not to post-litigation settlements and judgments.

WRITING REQUIREMENT
Louisiana Revised Statute 22:1220 provides in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . .
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
. . . .
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.
Defendant contends the trial court erred in awarding plaintiff penalties under Revised Statute 22:1220(B)(2) because the stipulated judgment of January 31, 1991, was not reduced to writing nor signed by the trial judge until July 1, 1991. Plaintiff, on the other hand, contends the trial court was correct in finding that the "judicial confession of a settlement is the equivalent to being reduced to writing." It is undisputed that all parties entered into the stipulated judgment of January 31, 1991, and that the stipulation was read into the record. It is also undisputed that as part of the stipulation, defendant was granted 30 days in which to make payment of its part of the settlement to plaintiff. However, we pretermit any discussion as to whether the oral stipulation in open court satisfied the writing requirement of Revised Statute 22:1220(B)(2), because our review of the record convinces us that defendant failed to timely pay plaintiff its portion of the stipulated judgment in contravention of Revised Statute 22:1220(B)(5).
The record reveals that the parties entered into the January 31, 1991, stipulated judgment after plaintiff began putting on evidence during his case in chief. Apparently, defendant believed plaintiff had provided "satisfactory proof of loss" since it confessed judgment in open court. However, defendant did not pay its portion of the stipulated judgment until July 11, 1991, some 5½ months later. We find defendant's arbitrary and capricious failure to pay the stipulated amount within 60 days after receiving "satisfactory proof of loss from the claimant" to be directly in contravention of Paragraph (B)(5). Accordingly, the trial court did not err in assessing $5,000.00 in penalties against defendant.

APPLICABILITY OF LOUISIANA REVISED STATUTE 22:1220
By its third assignment of error, defendant contends Revised Statute 22:1220 is *735 inapplicable to post-litigation settlements and judgments. However, after carefully reviewing the statute, we find no distinction limiting its application to pre-litigation conduct of the insurer. Furthermore, Revised Statute 22:1220(B)(5) must be read in pari materia with the rest of Revised Statute 22:1220 and, in particular, with Revised Statute 22:1220(A), which specifically speaks of making "a reasonable effort to settle claims with the insured or the claimant, or both...." While plaintiff did not qualify as an Old Hickory insured, he certainly was a claimant and was pursuing a claim for damages resulting to him when he was injured by an Old Hickory insured, Jessie Wayne Cavin. See Zidan v. USAA Property & Cas. Ins. Co., 622 So.2d 265 (La.App. 1st Cir.1993); Lehmann v. American S. Home Ins. Co., 615 So.2d 923 (La.App. 1st Cir.), writ denied, 617 So.2d 913 (La.1993). We believe Revised Statute 22:1220 was enacted to impose a requirement of good faith and fair dealing on the insurer during all phases of a claim.[2] Accordingly, defendant's assignment of error is without merit.
For these reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to defendant.
AFFIRMED.
NOTES
[1] Plaintiff also named The City of Baton Rouge, The Parish of East Baton Rouge, and Darrell Johnson as defendants in his original petition. However, these defendants are not involved in this appeal.
[2] See Harris v. Fontenot, 606 So.2d 72 (La.App. 3d Cir.1992).