643 So.2d 242 (1994)
MIDLAND RISK INSURANCE COMPANY and Loren Fredieu, Plaintiffs-Appellees,
v.
STATE FARM MUTUAL AUTO INSURANCE COMPANY, et al., Defendants-Appellants.
No. 93-1611.
Court of Appeal of Louisiana, Third Circuit.
September 21, 1994.
Earl Garland Pitre, Lake Charles, for Midland Risk Ins. Co., Etc.
Michael Roane Cagle, Lake Charles, for Audrey Nash.
Robert Samuel Dampf, James Anthony Blanco, Lake Charles, for State Farm Ins. Co.
Before COOKS, DECUIR and CULPEPPER[*], JJ.
COOKS, Judge.
State Farm Mutual Auto Insurance Company appeals an award of penalties to the plaintiff and his insurer. For the following reasons, we affirm.

FACTS
On November 5, 1991, Boyd Waggoner, was using a jeep to tow a pick-up truck that was stuck in the mud when the jeep suffered the same fate. Loren Fredieu, the plaintiff, attempted to extricate Boyd's vehicle, which was still linked to the pick-up truck, from the mud. However, the rope Boyd was using to tow the pick-up truck snapped and his jeep collided with Fredieu's vehicle. Fredieu's vehicle sustained approximately $2,200 in damages.
Boyd's mother, Audrey Nash, owned the jeep he was driving. State Farm Mutual Auto Insurance Company (State Farm) provided coverage for the jeep until Audrey *243 allowed it to lapse because the jeep needed repairs. On November 5, 1991, the day of Boyd's accident, Audrey went to her State Farm agent's office to reinstate the insurance on the jeep. When she completed the application for insurance and paid a deposit, the date and time (3:30 p.m.) was recorded on the application. Deann Derbonne, the office manager, testified she informed Audrey the insurance was in effect before Audrey left the office. Later that day, sometime between 5:00 p.m. and 5:30 p.m., Audrey discovered her son was involved in an accident before she arrived at the agent's office. Since the agent's office was closed for the day, Audrey notified State Farm of the occurrence on the following day.
State Farm's regional office subsequently sent a copy of the declarations page of Audrey's insurance policy to Derbonne. The declarations page stated the policy's effective time was 5:30 p.m. on November 5, 1991, the day of the accident. Derbonne then changed the time recorded on a copy of the application maintained in her office from 3:30 p.m. to 5:30 p.m.
Fredieu and his insurer, Midland Risk Insurance Company (Midland Risk), filed suit against Boyd, his mother and State Farm seeking recovery of property damages. State Farm asserted, in answer, that the policy it issued to Audrey was not in effect at the time of her son's accident. Later, Fredieu and Midland Risk filed a supplemental and amending petition seeking penalties from State Farm. They alleged State Farm violated its duty of good faith and fair dealing by altering Audrey's insurance policy without notice or her knowledge or consent.
The trial court held Boyd was not liable for Fredieu's damages. However, the court found State Farm altered Audrey's policy by changing the effective time to 5:30 p.m. on the day of the accident. Without this alteration, the effective time of the policy would have been 12:01 a.m. on that date.[1] Fredieu and his insurer were each awarded $5,000 in penalties. State Farm appeals.

DISCUSSION
State Farm argues Audrey's vehicle was not covered because the actual effective time of the policy was after the accident. It relied upon the time Audrey completed the application, which Derbonne recorded as 3:30 p.m. State Farm also notes the trial court found Boyd's accident occurred approximately thirty minutes prior to this time.
LSA-R.S. 22:1220 provides in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
....
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
....
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
LSA-R.S. 22:1220(A) grants third-party claimants a right of action when an insurer violates its duty of good faith and fair dealing. See Romero v. Gary, 619 So.2d 1244 (La.App. 3d Cir.1993); D'Abreu v. Diesel *244 Power Int'l, Inc., 625 So.2d 540 (La.App. 5th Cir.1993). Section 1220(C) further grants third-party claimants the additional right to recover penalties when an insurer breaches its duty of good faith and fair dealing. See Romero, supra. Therefore, Fredieu is entitled to seek penalties from State Farm.
The policy booklet given to Audrey stated that the effective time for the insurance policy was 12:01 a.m. However, in the declarations page State Farm subsequently issued to Audrey, State Farm declared that the effective time of coverage for liability, uninsured motorist and property damages was amended to 5:30 p.m. The effective time of coverage for the emergency road service was not amended. State Farm argues Derbonne did not alter the time on the insurance application from 3:30 to 5:30 p.m. in bad faith because she relied on a typographical error on the declaration page issued by the regional office. Derbonne's motive for altering the time recorded on the application does not end the inquiry. The amendment to the policy made on the declaration page changed the effective time of the policy, which was 12:01 a.m. as expressly provided by the policy's terms. The time Audrey actually completed the application is not material. This alteration was made without giving notice to Audrey. Despite the clear language of the policy, State Farm continued to deny coverage and insisted that the policy's effective time was properly amended. These acts by State Farm violated its duties under LSA-R.S. 22:1220(B)(3).
Next, we turn to address whether the penalty awards to Fredieu and his insurer, Midland Risk, are appropriate considering the trial court's finding that State Farm's insured was not liable. State Farm cites Champagne v. Hartford Casualty Ins. Group, 607 So.2d 752 (La.App. 1st Cir.1992) in support of its position that damages must be proved before penalties are assessed. However, the court in Champagne reached this conclusion without offering reasons to support it. Fredieu and Midland Risk contend the penalty provision found in Section 1220(C) is not contingent on a damage award. This court in Harris v. Fontenot, 606 So.2d 72 (La.App. 3d Cir.1992) affirmed an award of penalties although damages had not been proven. However, whether damages are required before penalties are awarded was not reviewed on appeal. We find neither Champagne nor Harris provides us with adequate guidance to resolve this issue.
Section 1220(A) legislatively imposes a duty of good faith and fair dealing on insurers. Section 1220(B) enumerates certain acts, which if knowingly committed or performed by an insurer, constitute a breach of its duty of good faith and fair dealing.
Penalties are imposed to discourage certain types of conduct by an insurer. The language in Section 1220(C) does not expressly require that a claimant suffer damages before recovering penalties. Moreover, if this requirement was so, the statute's purpose more often would be thwarted. Claimants may decide not to file claims against insurers if the disputed amount or the damages are not substantial. As an end result, the misconduct which the legislature obviously intended to curb or deter would thrive. Thus, we find if an insurer commits any one of the acts enumerated in Section 1220(B), penalties may be imposed without a showing of damages.
State Farm also complains that Midland Risk, an insurer, is not entitled to receive an award of penalties. Alternatively, State Farm contends Section 1220(C) limits the total penalty award which may be cast against it to $5,000. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. The language of Section 1220(C) is clear and unambiguous. Third-party claimants are entitled to receive an award of penalties when an insurer breaches its duties. Midland Risk is a third-party claimant. Furthermore, the statute does not limit the total penalty to $5,000 irrespective of the number of claimants. It states "the claimant may be awarded penalties." This language is not "exclusive" in expression. Thus, the statute authorized the penalty awards granted by the trial court against State Farm in favor of Midland Risk and Fredieu.

*245 DECREE
For the reasons expressed above, the trial court's judgment is affirmed. Costs are assessed to State Farm.
AFFIRMED.
CULPEPPER, J. dissents for the reasons stated in Champagne v. Hartford Casualty Ins. Group, 607 So.2d 752 (La.App. 1st Cir. 1992).
NOTES
[*] Judge William A. Culpepper, Retired Judge, participated in this opinion by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] In the section titled "When and Where Coverage Applies," State Farm's policy provides: "The policy period begins and ends at 12:01 A.M. Standard Time at the address shown on the declarations page."