658 So.2d 204 (1995)
Pamela HALL, Individually and on Behalf of the Minor, Kristal G. Hill, Plaintiffs-Appellees,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 94-867.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
*205 Gerald Charles deLaunay, Warren A. Perrin, Lafayette, for Pamela Hall Indiv. etc., et al.
Preston D. Cloyd, Lafayette, for State Farm Mutual Auto. Ins. Co., et al.
John William Penny Jr., Lafayette, for John W. Penny Jr.
Before DOUCET, C.J., and THIBODEAUX and PETERS, JJ.
THIBODEAUX, Judge.
Defendant, State Farm Mutual Automobile Insurance Company, appeals a judgment which granted Pamela Hall's motion for judgment notwithstanding the verdict (JNOV). This judgment increased the amount of damages awarded by the jury for past and future medical expenses and additionally ordered State Farm to pay in penalties twice the amount of damages awarded and $15,000.00 in attorney's fees to Ms. Hall, finding that State Farm violated its obligations under La.R.S. 22:1220.
We affirm that portion of the judgment which granted the JNOV on past and future medical expenses, amend and affirm the trial judge's award of penalties on the issue of sanctions for the violation of La.R.S. 22:1220, and reverse the award of attorney's fees.

I.

ISSUES
We must resolve the correctness of the trial court's judgment notwithstanding the verdict for the plaintiff and also determine whether the trial court correctly awarded a penalty of twice the damages awarded plus attorney's fees for a violation of La.R.S. 22:1220.

II.

FACTS
As a result of an automobile accident, Pamela Hall filed a petition for damages and named State Farm Mutual Automobile Insurance Company as defendant. In addition to allegations of negligence, Ms. Hall's petition alleged that State Farm breached its duty of good faith and fair dealing by not fairly and promptly making a reasonable effort to settle the claim. State Farm denied that it violated La.R.S. 22:1220.
Until the morning of the trial, State Farm contended that it was not liable for the accident. However, on the morning of the trial, State Farm conceded that it had no defense as to liability and stipulated its negligence. The jury rendered a unanimous verdict awarding the following damages:

1. Pain and suffering, both physical
and mental; (past, present
and future).........................$25,000.00
2. Physical injury or disability
suffered............................$10,000.00
3. Past medical expenses............$13,000.00
4. Future medical expenses..........$ 2,500.00
5. Loss of past wages...............$ 3,000.00

The jury further found that State Farm did not breach the provisions of La.R.S. 22:1220 and, as such, Ms. Hall was not entitled to damages and penalties for the alleged breach.
After trial, Ms. Hall filed a motion for JNOV. The trial judge granted the motion. In granting the motion, the trial judge increased Ms. Hall's award for past medical expenses to $19,288.00, and future medical expenses to $4,000.00. Additionally, the trial judge awarded Ms. Hall $15,000.00 in attorney's fees in the form of "special damages," *206 and penalties equal to twice the amount of damages suffered by Ms. Hall, finding that State Farm violated La.R.S. 22:1220.

III.

LAW AND DISCUSSION

A. JNOV
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party. (Citation omitted).
Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991).
The supreme court also addressed the standard an appellate court must employ in reviewing a JNOV. This court must determine whether the trial court erred by deciding whether the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict. If the answer to the above question is yes, then the trial judge was correct in granting the JNOV. If, on the other hand, in the exercise of impartial judgment reasonable persons might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated. Id.

B. Damages
La.Code Civ.P. art. 1811(F) provides: "The motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues." In reviewing the trial judge's decision to grant Ms. Hall's motion for JNOV on the issue of damages, we conclude that the motion was properly granted.
The jury found that Ms. Hall suffered injuries as a result of the accident. Further, as a result of her injuries, Ms. Hall saw several doctors for treatment of her pain. In connection with those treatments she incurred medical bills which were in evidence as plaintiff's exhibit number 1. The amount of Ms. Hall's past medical expenses totaled $19,288.75. The jury awarded Ms. Hall $13,000.00 for her past medical expenses. The trial judge found that there was no evidence contradicting the amount of Ms. Hall's past medical expenses nor was there any evidence of Ms. Hall's bad faith in incurring those expenses. He further concluded that those expenses were caused by the accident. It is the tortfeasor's responsibility to pay for medical bills unless they were incurred in bad faith. Lair v. Carriker, 574 So.2d 551 (La.App. 3 Cir.1991). After our careful reading of the record, we agree with the trial judge that there is an absence of evidence of Ms. Hall's bad faith in incurring her medical expenses. For this reason the jury incorrectly awarded Ms. Hall less than the total amount of her past medical expenses.
As to Ms. Hall's future medical expenses, the jury awarded the total amount of $2,500.00. By awarding Ms. Hall an amount for future medical expenses, the jury implicitly concluded that she was entitled to future medical treatment. Dr. James Pearce testified as to Ms. Hall's need for future medical treatment. Dr. Pearce is a dentist whose practice is limited to diagnosing and treating temporomandibular joint (TMJ) disorders. He testified that the temporomandibular is the joint that attaches the lower jaw to the skull and is located on the side of the head. Dr. Pearce also testified that TMJ disorders can be caused by a blow to the face or head as well as hyperflexion or extension of the head or cervical spine. He further explained that it is not necessary for a person to have jaw pain in order to have a TMJ disorder.
*207 Ms. Hall was referred to Dr. Pearce by Dr. DeAlvare, a neurologist. Ms. Hall complained of bilateral temporal and occipital headaches and right side ear pain. She further complained of sensitivity in her teeth, which she claimed to have had since the date of the accident. Dr. Pearce also noted that Ms. Hall had trigger points in her shoulders on her first visit of which she was complaining of discomfort upon palpation. After performing several diagnostic tests, Dr. Pearce found that Ms. Hall's condition was consistent with the symptoms of which she complained and which altogether were consistent with TMJ disorder. Ms. Hall had inflammation of the muscles and connective tissue that connect the muscles together. Dr. Pearce described Ms. Hall's treatment options as use of medication, physical therapy, use of an orthopedic appliance worn over the teeth, and sometimes biofeedback. For Ms. Hall, Dr. Pearce recommended diagnostic splint therapy to allow the muscles to relax. He further recommended that Ms. Hall have bridges made to replace six teeth that were missing prior to the accident. Dr. Pearce estimated the cost to replace the missing teeth to be between $4,000.00 and $6,000.00.
State Farm argues that the jury, by awarding only $2,500.00 for future medical expenses, could have found that Ms. Hall indeed suffered from TMJ disorder and deserved treatment but that the cost of replacing the six teeth which were missing prior to the accident was not the responsibility of State Farm. However, the only evidence as to the type of future medical treatment Ms. Hall would need was correction of her TMJ disorder. Dr. Pearce testified that in order to completely correct the TMJ disorder, Ms. Hall would have to have the missing teeth replaced. He estimated the cost of correcting her TMJ disorder to be between $4,000.00 and $6,000.00. State Farm presented no evidence contradicting Dr. Pearce's estimate.
Regardless of the fact that six of Ms. Hall's teeth were missing prior to the accident, she did not suffer from TMJ disorder until after the accident. In, Petersen v. State Farm Automobile Insurance Co., 543 So.2d 109 (La.App. 3 Cir.), writ denied, 546 So.2d 1223 (La.1989), the plaintiff possessed preexisting dental problems, one of which was missing teeth. The defendants in that case, similar to State Farm in the present case, showed that TMJ disorder can be caused by a dental defect; however, neither the defendant in Petersen nor State Farm in the present case proved that this fact, the missing teeth, caused the plaintiff's TMJ disorder. Like the plaintiff in Petersen, Ms. Hall carried her burden of proving the accident probably triggered the TMJ disorder. State Farm has not proven that the future medical treatment is unnecessary and, accordingly, the trial judge was correct when he increased the award for future medical expenses to $4,000.00, the lowest estimate. Furthermore, merely because Ms. Hall has a preexisting condition which predisposed her to have TMJ disorder, State Farm, as the insurer of the tortfeasor, must compensate Ms. Hall to the full extent of aggravation of her preexisting condition even though under the same circumstances a person without six teeth missing would not have suffered TMJ disorder. See Lasha v. Olin Corp., 625 So.2d 1002 (La.1993).

C. Violation Of La.R.S. 22:1220
State Farm contends that the trial judge erred in awarding penalties under La.R.S. 22:1220.
The statute controlling the insurer's good faith duty and penalties for breach of that duty is La.R.S. 22:1220 which provides, in pertinent part:
A. An insurer, ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
* * * * * *
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand *208 dollars, whichever is greater ... (Emphasis ours).
State Farm argues correctly that the penalty provision of La.R.S. 22:1220(C) is applicable only after a showing of damages actually suffered as a result of the breach of the duties to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the claimant. See Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752 (La.App. 1 Cir.1992). The amount of penalties to be awarded is not, as Ms. Hall argues, based upon the amount of damages claimed or awarded in damages but the amount of damages sustained by the breach. If there are no damages proven as a result of the breach itself, then the maximum amount that can be awarded is $5,000.00 in penalties. See Robichaux v. Jackson National Life Ins. Co., 821 F.Supp. 429 (E.D.La.1993); See also Midland Risk Insurance Co. v. State Farm Mutual Auto Insurance Co., 93-1611 (La.App. 3 Cir. 9/21/94), 643 So.2d 242.
A plaintiff seeking penalties under La.R.S. 22:1220 has the burden of proving that the insurer arbitrarily and capriciously breached its duty of good faith and fair dealing. Hayes v. Richard, 92-601 (La.App. 3 Cir. 3/2/94), 634 So.2d 1384. Section 1220(B) enumerates certain acts which, if knowingly committed or performed by an insurer, constitute a breach of its duty of good faith and fair dealing. The jury found that State Farm did not breach its good faith and fair dealing duty toward Ms. Hall; therefore, Ms. Hall was not awarded any amount for penalties. The trial judge granted the JNOV, concluding:
[T]he adjuster representing State Farm had in his possession all of the medical concerning the injuries sustained by Pamela Hall in the accident; that there was no question as to liability, in fact State Farm admitted liability; that there was a question as to whether or not she sustained TMJ as a result of the accident, but Dr. Pierce [sic], the medical expert, found that she did have TMJ as a result of the accident. State Farm ... requested an IME by a medical specialist of its own choice and the Court granted that, and State Farm chose not to have their medical expert examine Ms. Hall for that injury and simply relied upon the opinion of Dr. McDaniel, who is not a specialist in TMJ, when it was clear that she did sustain this injury as a result of the accident.
The trial judge further concluded that because State Farm ultimately offered $20,000.00 to settle the claim when that amount was less than $1,000.00 over Ms. Hall's past medical expenses, it was arbitrary and capricious; it did not adjust Ms. Hall's claim fairly and promptly. The jury, on the other hand, found that State Farm did not act arbitrarily or capriciously in handling Ms. Hall's claim. State Farm argues that the jury's conclusion was supported by the evidence and testimony introduced at trial and that the trial judge's grant of the JNOV on the penalty issue was a clear error. We disagree with State Farm.
Jeff Temonia, State Farm's claims specialist, testified about State Farm's handling of Ms. Hall's claim. Part of Temonia's duties with State Farm was to assess liability. Shortly after the accident, he determined that liability was clear and that the only issue was the amount of damages owed. Temonia testified that he was aware of the fact that the law required him to make reasonable efforts to settle the claim. He further testified that when State Farm initially received the file, it immediately assessed Ms. Hall's automobile damage and shortly thereafter paid her for the damage to the vehicle. With regard to Ms. Hall's personal injury claims, Temonia testified that by telephone he first offered to settle with Ms. Hall for either $16,500.00 or $17,500.00. Temonia also testified that he made several requests for an offer of settlement to which he received no response from Ms. Hall's first attorney.
Two or three months after State Farm's letter of April 15, 1993, to Ms. Hall's second attorney requesting an offer of settlement, counsel for Ms. Hall offered to settle the claim for $100,000.00 plus interest. Temonia last offered to settle for $20,000.00. He testified that the $20,000.00 offer was made after conducting an examination of Ms. Hall's medical reports, a quantum study, and obtaining the advice of State Farm's legal counsel. *209 Two weeks before trial, Ms. Hall's counsel rejected State Farm's counteroffer.
State Farm contends that all of its settlement efforts were made in light of the facts in its possession. Prior to seeing Dr. Pearce for treatment of her TMJ disorder, Ms. Hall saw two other doctors who reported that she did not suffer from TMJ. However, Dr. Pearce testified that it is not unusual for physicians who are not TMJ specialists to misdiagnose the condition. Ms. Hall was referred to Dr. Pearce on July 30, 1992. State Farm felt that due to the wide discrepancy in the amounts of the settlement offers of the parties and the question of whether the accident caused Ms. Hall's TMJ disorder, it would be best to let the jury decide. We find that there was no question about the cause of Ms. Hall's TMJ disorder. Ms. Hall's past medical expenses totaled $19,288.75. The trial judge felt that State Farm's $20,000.00 settlement offer was unfair because it was only $711.25 over her past medical expenses and it did not fairly include enough to compensate Ms. Hall for her pain and suffering. After a review of the record, we find that there is evidence of such quality and weight that reasonable and fair-minded persons exercising impartial judgment could not reach different conclusions as to whether State Farm acted promptly and fairly in negotiating a settlement. The trial judge was not manifestly erroneous in its determination that, given the evidence in this case, the jury could not reasonably decide that State Farm adjusted Ms. Hall's claim fairly and made a reasonable effort to settle the claim.
The trial judge also awarded attorney's fees in this case against State Farm based on State Farm's violation of La.R.S. 22:1220 when he granted Ms. Hall's motion for JNOV. Attorney's fees are not allowed in Louisiana except where authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985). In the present case, no contract or statute provides for an award of attorney's fees to the plaintiff.
Consequently, we find that the trial judge was incorrect in its award of double the amount of Ms. Hall's damages in penalties and in awarding attorney's fees in this case.

IV.

CONCLUSION
The judgment of the trial court is amended in part to delete the award of penalties to Ms. Hall in an amount equal to double the amount of damages she sustained as a result of the accident. Instead, judgment is awarded in the sum of $5,000.00 for State Farm's violation of La.R.S. 22:1220. We reverse the judgment of the trial court to the extent that it awarded attorney's fees for State Farm's violation of La.R.S. 22:1220. The judgment is otherwise affirmed. Costs are assessed against State Farm.
AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART; AND RENDERED.