664 So.2d 547 (1995)
Dianna M. THERIOT, Individually and on Behalf of Her Minor Daughter, Gina M. Theriot, Plaintiff-Appellant,
v.
MIDLAND RISK INSURANCE COMPANY, et al., Defendants-Appellees.
No. 95-227.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
Writ Granted February 2, 1996.
*548 Clayton Arthur Larsh Davis, Lake Charles, for Dianna M. Theriot Indiv. Etc.
Steve M. Sikich, Lake Charles, for Midland Risk Insurance Company, et al.
Christopher Paul Ieyoub, Lake Charles, for Shelter General Insurance Co., et al.
Before DOUCET, C.J., and AMY and SULLIVAN, JJ.
SULLIVAN, Judge.
Dianna Theriot appeals a judgment rejecting her claims for damages and penalties under La.R.S. 22:1220(A) and (C) against Midland Risk Insurance Company (Midland) and Shelter Insurance Company (Shelter). For the following reasons, we reverse.

FACTS
This litigation arises out of a collision on July 20, 1993 between three eastbound vehicles on the I-210 bridge in Lake Charles. The accident occurred in heavy rain. Mrs. Theriot's daughter, Gina, then seventeen, was driving her Pontiac Fiero in the inside lane, when a Camaro ahead of her in the outside lane began to hydroplane. The Camaro, driven by Harry Thornton, spun around, struck the concrete median and came to rest in the inside lane facing oncoming traffic. Gina was able to stop without hitting Thornton's vehicle; however, a pickup truck driven by Bryan Gaspard rear-ended Gina's Fiero, propelling her car into Thornton's.
As a result of the accident, Gina's Fiero was a total loss, and she sustained personal injuries requiring approximately two months of medical treatment. Gaspard's vehicle, insured by Shelter Insurance Company sustained approximately $2,800.00 in damages. Midland's insured, Thornton, was ticketed at the scene for failure to maintain control of his vehicle. Gaspard received no citation.
After investigating the claim, Midland's adjuster, Christy Catts, determined that Midland's insured, Thornton, bore no responsibility for the accident. She based this conclusion on the fact that Gina was able to come to a complete stop without hitting the Thornton vehicle. Because no impact occurred until Gaspard struck Gina's vehicle, she concluded that Gaspard was 100% responsible for this accident. In the meantime, Shelter conducted *549 its own investigation and determined that its insured, Gaspard, was 30% at fault and Midland's insured, Thornton, was 70% at fault. Significantly, both insurance companies concluded that Gina was free from fault.
On August 9, 1993, Ms. Catts wrote to Gina and Gaspard denying their claims on the basis that Midland's insured was not negligent. On August 27, 1993, Gina's attorney wrote to both companies about settling plaintiff's claim for property damage, ambulance charges, and towing and rental expenses. Ms. Catts responded by letter, repeating her conclusion that Thornton was not negligent but offering to pay 10% of the value of Gina's car. Enclosed in the letter was a check for $220.00. At some point in the negotiations, Shelter offered to pay 30% of the property damages. The plaintiff rejected these offers and suit was filed on September 29, 1993. Included in the plaintiff's petition were claims against Shelter and Midland for penalties and damages under La.R.S. 22:1220.
After a bench trial, the trial judge concluded that Thornton and Gaspard were each 50% at fault and that Gina was free from fault. He awarded Mrs. Theriot, individually, and on behalf of Gina, a total of $7,265.45 in special and general damages. The trial court, however, rejected the claims under La.R.S. 22:1220 on the basis that this statute presumed a reasonable offer from the plaintiff that was rejected by the insurance company. Mrs. Theriot has appealed.

OPINION
La.R.S. 22:1220 provides in part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever, is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
(Emphasis added.)
The Louisiana circuit courts currently disagree as to whether the list in subsection (B) is illustrative or exclusive. The fourth circuit in Hernandez v. Continental Casualty Ins. Co., 615 So.2d 484 (La.App. 4 Cir.), writ denied, 620 So.2d 850 (La.1993), over a strong dissent by Judge Plotkin, held that a plaintiff cannot recover under La.R.S. 22:1220 unless the insurer has committed one of the five acts enumerated in subsection (B). The fourth circuit later adhered to this interpretation in In Re: Certain Residents Domiciled and Residing in Orleans Parish, 93-2365 (La.App. 4 Cir. 5/26/94); 637 So.2d 1296. However, in D'Abreu v. Diesel Power International, Inc., 625 So.2d 540 (La.App. 5 Cir. 1993), the fifth circuit held that subsection *550 (B) is illustrative of the most common ways that insurers breach the general duty of good faith and fair dealing of subsection (A). The D'Abreu court at 625 So.2d 543, stated that subsection (A) "provides an additional, self-explanatory duty on insurers to adjust and settle claims reasonably." This circuit has impliedly adopted the latter of these interpretations. See Hall v. State Farm Mutual Automobile Ins. Co., 94-867 (La.App. 3 Cir. 5/31/95); 658 So.2d 204.
Because La.R.S. 22:1220 is a penal statute, it must be strictly construed. Romero v. Gary, 619 So.2d 1244 (La.App. 3 Cir. 1993). However, we find no basis in the statute's language to support the trial court's conclusion that "the onus is on the plaintiff to come forward with at least an offer of some sort." To the contrary, the statute places an "affirmative duty" on the insurer to make a reasonable effort to settle claims. The fact that the plaintiff does not make the first offer should not defeat his claim for penalties when the insurer's conduct is unreasonable.
In the instant case, we find that Midland and Shelter acted unreasonably in adjusting Mrs. Theriot's claim. Facts adduced in the early investigation revealed substantially substandard conduct on the part of their respective insureds with virtually no fault on the part of Gina. The police report indicated that Midland's insured, Thornton, failed to control his vehicle and was ticketed at the scene. Although Gaspard did not receive a citation, he clearly did not keep a proper lookout and did not drive as prudently as weather conditions dictated. Midland's insistence that Thornton was free from fault because Gina did not hit him until Gaspard hit her ignores the principle that there can be more than one cause in fact of an accident.
Under these circumstances, we find that Midland's and Shelter's offers to settle the claim for only 10% and 30%, respectively, of the plaintiff's property damages were unreasonable. The case was uncomplicated: the essential facts of the accident were undisputed and Gina's last date of medical treatment for her personal injuries was only two months after the accident. Although the plaintiff filed suit soon after the accident, the insurer's duty imposed by this statute continues throughout litigation. As this court stated in Harris v. Fontenot, 606 So.2d 72, 74 (La.App. 3 Cir.1992), "it is clear that the statute was enacted to impose a requirement of good faith and fair dealing on the insurer, requirements that are no less important after litigation has begun as before." See also, Defazio v. City of Baton Rouge, 625 So.2d 733 (La.App. 1 Cir.1993), writ denied, 93-2822 (La. 1/13/94); 631 So.2d 1164. Although Harris and Defazio involved violations of La.R.S. 22:1220(B), we find that the reasoning in those cases is equally applicable to La.R.S. 22:1220(A).
Under subsection (A), an insurer who breaches the duties imposed therein "shall be liable for any damages sustained as a result of the breach." Subsection (C) permits an additional award of penalties "not to exceed two times the damages sustained or five thousand dollars, whichever is greater." The amount of penalties in subsection (C) is based upon the damages sustained by the breach and not upon the total damages claimed or awarded. Hall, 658 So.2d 204. If there are no damages proven as a result of the breach itself, then the maximum amount that can be awarded is $5,000.00 in penalties. Midland Risk Ins. Co. v. State Farm Mutual Auto Ins. Co., 93-1611 (La.App. 3 Cir. 9/21/94); 643 So.2d 242.
We find that the plaintiff has sustained damages as a result of the two insurers' unreasonable refusal to settle the property damage claim. Gina's car was totaled but not replaced. Because of this, Mrs. Theriot had to make arrangements for storage, and Gina was without transportation for many months. In Brockner v. Dunn, 548 So.2d 75 (La.App. 3 Cir.1989), we recognized that such inconvenience and aggravation are compensable elements of damages. We find that the record supports an award to Mrs. Theriot, individually and on behalf of Gina, in the amount of $3,000.00 for damages under subsection (A). Shelter and Midland will be cast in judgment in solido for this amount.
An award of additional penalties under subsection (C) is discretionary. In this case, we find that such additional penalties should be assessed against Midland but not Shelter. Although a legitimate dispute *551 existed between the insurers as to the exact percentage of fault of their insureds, Midland's insistence that Thornton was free from fault had no basis in fact or in law. We therefore conclude that Midland's actions were "arbitrary, capricious and without probable cause." See Romero v. Gary, 619 So.2d 1244 (La.App. 3 Cir.1993). Shelter, on the other hand, at least accepted more responsibility for the conduct of its insured, but its efforts at further negotiation were stymied by Midland's unwavering stance. We, therefore, assess additional penalties of $6,000.00 (twice the damages sustained by the breach) against Midland only.

DECREE
For the above reasons, the judgment of the trial court with regard to penalties is reversed. Judgment is rendered in favor of Dianna Theriot, individually and on behalf of her minor daughter, Gina Theriot, and against Midland Risk Insurance Company and Shelter Insurance Company, in solido, in the amount of $3,000.00. Judgment is also rendered in favor of Dianna Theriot, individually and on behalf of her minor daughter, Gina Theriot, against Midland Risk Insurance Company in the amount of $6,000.00. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellees, Midland and Shelter.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.